Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Christopher S. Ghazarian (SBN 308147)
info@chris.law
CHRIS GHAZARIAN LAW
633 West 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 787-4401

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL FOX PAREKH pka SUNIEL FOX, an individual; and SHYHI HENRY HSAIO pka HENRY STRANGE, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> ABEL MAKKONEN TESFAYE pka THE WEEKND, an individual; ADAM KING FEENEY pka FRANK DUKES, an individual; NICOLAS ALFREDO JAAR pka A.A.L., AGAINST ALL LOGIC, and/or NICO, an individual; THE WEEKND XO, LLC; THE WEEKND XO US LLC; THE WEEKND XO, INC.; THE WEEKND XO MUSIC, ULC; XO&CO., INC.; UNIVERSAL MUSIC CORPORATION; UNIVERSAL MUSIC GROUP, INC.; | Case No.: <br><br> **COMPLAINT FOR:** <br>   1. **COPYRIGHT INFRINGEMENT** <br>   2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br><br> <u>Jury Trial Demanded</u> |

UNIVERSAL MUSIC PUBLISHING, INC.,
individually and dba UNIVERSAL MUSIC
PUBLISHING GROUP; UMG
RECORDINGS, INC.; REPUBLIC
RECORDS, INC.; XO RECORDS LLC;
KOBALT MUSIC PUBLISHING
AMERICA, INC.; AMERICAN MUSIC
RIGHTS ASSOCIATION, INC.; SONGS
MUSIC PUBLISHING, LLC; NYAN KING
MUSIC, INC.; MATTITUDE MUSIC, LLC;
PEERMUSIC LTD.; PEERMUSIC III, LTD.;
SONY MUSIC PUBLISHING LLC; EMI
CONSORTIUM MUSIC PUBLISHING,
LTD; HAL LEONARD LLC; HIPGNOSIS
SONGS GROUP, LLC; BROADCAST
MUSIC, INC.; ASCAP ENTERPRISES LLC;
YOUTUBE ENTERTAINMENT STUDIOS,
INC.; APPLE INC., individually and dba
APPLE MUSIC; AMAZON, INC.,
individually and dba AMAZON MUSIC;
VIMEO.COM, INC.; SPOTIFY USA, INC.;
and DOES 1 through 10,

Defendants.

Plaintiffs NEIL FOX PAREKH pka SUNIEL FOX ("FOX") and SHYHI
HENRY HSAIO pka HENRY STRANGE ("STRANGE") (collectively, "Plaintiffs"),
by and through counsel, hereby pray to this honorable Court for relief based on the
following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et
seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331,
1338(a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4.      FOX is an individual residing in Los Angeles, CA.

5.      STRANGE is an individual residing in Los Angeles, CA.

6.      Upon information and belief, Plaintiffs allege that Defendant ABEL MAKKONEN TESFAYE pka THE WEEKND ("THE WEEKND") is an individual residing in Los Angeles, CA. THE WEEKND is credited as a co-author of "CALL OUT MY NAME," the allegedly infringing song at issue in this case, as well as a producer of *My Dear Melancholy*, the Extended Play ("EP") featuring CALL OUT MY NAME.

7.      Upon information and belief, Plaintiffs allege that Defendant ADAM KING FEENEY pka FRANK DUKES ("FRANK DUKES") is an individual residing in Los Angeles, CA. FRANK DUKES is credited as a co-author of CALL OUT MY NAME and a producer of *My Dear Melancholy*.

8.      Upon information and belief, Plaintiffs allege that Defendant NICOLAS ALFREDO JAAR pka A.A.L., AGAINST ALL LOGIC, and/or NICO ("JAAR") is an individual residing in New York, NY, and doing business in and with the state of California, including in this judicial district. JAAR is credited as a co-author of CALL OUT MY NAME.

9.      Upon information and belief, Plaintiffs allege that Defendant THE WEEKND XO, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 16000 Ventura Blvd., Suite 600, Encino, CA 91436. THE WEEKND is an owner of THE WEEKND XO, LLC, which owns rights in sound recordings featuring the

performances of THE WEEKND, including CALL OUT MY NAME and *My Dear Melancholy*.

10.    Upon information and belief, Plaintiffs allege that Defendant THE WEEKND XO US LLC is a limited liability company organized and existing under the laws of the state of Delaware. THE WEEKND XO US, LLC conducts business in Los Angeles, CA and/or this judicial district on behalf and/or in the interest of THE WEEKND. THE WEEKND is an owner of THE WEEKND XO US, LLC. Plaintiffs further allege that THE WEEKND XO US, LLC holds an ownership stake in the copyright(s) in and to CALL OUT MY NAME and *My Dear Melancholy*.

11.    Upon information and belief, Plaintiffs allege that Defendant THE WEEKND XO, INC. is a corporation that conducts business in Los Angeles, CA and/or this judicial district on behalf and/or in the interest of THE WEEKND. THE WEEKND is an owner of THE WEEKND XO, INC. Plaintiffs further allege that THE WEEKND XO, INC. holds an ownership stake in the copyright(s) in and to CALL OUT MY NAME and *My Dear Melancholy*.

12.    Upon information and belief, Plaintiffs allege that Defendant THE WEEKND XO MUSIC, ULC is an unlimited liability corporation that conducts business in Los Angeles, CA and/or this judicial district on behalf and/or in the interest of THE WEEKND. THE WEEKND is an owner of WEEKND XO MUSIC, ULC. Plaintiffs further allege that WEEKND XO MUSIC, ULC holds an ownership stake in the copyright(s) in and to CALL OUT MY NAME and *My Dear Melancholy*.

13.    Upon information and belief, Plaintiffs allege that Defendant XO&CO., INC. is a corporation that conducts business in Los Angeles, CA and/or this judicial district on behalf and/or in the interest of THE WEEKND. THE WEEKND is an owner of XO&CO., INC. Plaintiffs further allege that XO&CO., INC. holds an

ownership stake in the copyright(s) in and to CALL OUT MY NAME and *My Dear Melancholy*.

14.     Upon information and belief, Plaintiffs allege that Defendant UNIVERSAL MUSIC CORPORATION ("UMC") is a corporation that maintains an office in Los Angeles, CA and conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that UMC publishes and/or administers an interest in CALL OUT MY NAME and *My Dear Melancholy*.

15.     Upon information and belief, Plaintiffs allege that Defendant UNIVERSAL MUSIC GROUP, INC. ("UNIVERSAL") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404. Plaintiffs further allege that UNIVERSAL produced and/or distributes CALL OUT MY NAME and *My Dear Melancholy*. Plaintiffs further allege that UNIVERSAL owns in whole or in part, and/or does business as, Defendants UMG RECORDINGS, INC. ("UMG RECORINGS"), REPUBLIC RECORDS, INC. ("REPUBLIC"), and XO RECORDS LLC ("XO RECORDS").

16.     Upon information and belief, Plaintiffs allege that UMG RECORDINGS is a subsidiary corporation of UNIVERSAL organized and existing under the laws of the Delaware, with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404. Plaintiffs further allege that UMG RECORDINGS distributes THE WEEKND's recordings, including CALL OUT MY NAME and *My Dear Melancholy*.

17.     Upon information and belief, Plaintiffs allege that REPUBLIC is a subsidiary corporation of UNIVERSAL organized and existing under the laws of New York. REPUBLIC has its principal places of business located at 1755 Broadway, New York, NY 10019; and 2220 Colorado Avenue, Santa Monica, CA 90404. Plaintiffs further allege that REPUBLIC distributes THE WEEKND's

recordings, including CALL OUT MY NAME and *My Dear Melancholy*, and manufactured and markets the same.

18.     Upon information and belief, Plaintiffs allege that XO RECORDS is a subsidiary limited liability company of UNIVERSAL organized and existing under the laws of Delaware, and distributed through REPUBLIC. XO RECORDS's principal place of business is located at 16000 Ventura Blvd., Suite 600, Encino, CA 91436. Plaintiffs further allege that XO RECORDS produced and distributes CALL OUT MY NAME and *My Dear Melancholy*.

19.     Upon information and belief, Plaintiffs allege that Defendant UNIVERSAL MUSIC PUBLISHING, INC. ("UMP"), individually and doing business as UNIVERSAL MUSIC PUBLISHING GROUP ("UMPG"), is a corporation organized and existing under the laws of California, with its principal place of business located at 2100 Colorado Avenue, Santa Monica, CA 90404. Plaintiffs further allege that UMP and UMPG publish and/or license CALL OUT MY NAME and *My Dear Melancholy*.

20.     Upon information and belief, Plaintiffs allege that Defendant KOBALT MUSIC PUBLISHING AMERICA, INC. ("KOBALT") is a corporation organized and existing under the laws of Delaware. KOBALT's principal places of business are located at 2 Gansevoort Street, 6th Floor, New York, NY 10014; and 8201 Beverly Blvd., Suite 400, Los Angeles, CA 90048. Plaintiffs further allege that KOBALT maintains an agent for service of process in California. Plaintiffs further allege that KOBALT publishes or administers an interest (or interests) in, and/or licenses, CALL OUT MY NAME and *My Dear Melancholy*.

21.     Upon information and belief, Plaintiffs allege that AMERICAN MUSIC RIGHTS ASSOCIATION, INC. ("AMRA") is a subsidiary corporation of KOBALT organized and existing under the laws of Florida. AMRA's principal place of business is located at 2 Gansevoort Street, 6th Floor, New York, NY 10014. Plaintiffs

further allege that AMRA conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that AMRA holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

22.     Upon information and belief, Plaintiffs allege that Defendant SONGS MUSIC PUBLISHING, LLC ("SMP") is a limited liability company organized and existing under the laws of Delaware. SMP has its principal place of business at 307 7th Avenue, Suite 2104, New York, NY 10001, and maintained (or maintains) an office in Los Angeles, CA. Plaintiffs further allege that SMP conducts business in, and maintains an agent for service of process in, Los Angeles, CA and/or this judicial district. Plaintiffs further allege that SMP publishes and/or administers an interest (or interests) in CALL OUT MY NAME and *My Dear Melancholy*.

23.     Upon information and belief, Plaintiffs allege that Defendant NYAN KING MUSIC, INC. ("NKMI") is a corporation organized and existing under the laws of New York, with its principal place of business located at 529 5th Avenue, 4th Floor, New York, NY 10017. Plaintiffs further allege that NKMI conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that NKMI holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

24.     Upon information and belief, Plaintiffs allege that Defendant MATTITUDE MUSIC, LLC ("MATTITUDE") is a limited liability company organized and existing under the laws of Delaware. MATTITUDE has its principal place of business at 304 Hudson Street, 7th Floor, New York, NY 10013. Plaintiffs further allege that MATTITUDE conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that MATTITUDE holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

25.     Upon information and belief, Plaintiffs allege that Defendant PEERMUSIC LTD. ("PML") is a corporation organized and existing under the laws of New York, with its principal place of business located at 152 West 57th Street, 10th Floor, New York, NY 10019. Plaintiffs further allege that PML conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that PEERMUSIC holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

26.     Upon information and belief, Plaintiffs allege that Defendant PEERMUSIC III, LTD. ("PMIII") is a corporation organized and existing under the laws of Delaware, with its principal places of business at 152 West 57th Street, 10th Floor, New York, NY 10019; and 901 West Alameda Avenue, Suite 108, Burbank, CA 91506. Plaintiffs further allege that PMIII holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

27.     Upon information and belief, Plaintiffs allege that Defendant SONY MUSIC PUBLISHING LLC ("SONY) is a limited liability company organized and existing under the laws of Delaware. SONY's principal places of business are located at 25 Madison Avenue, New York, NY 10010; and 10202 West Washington Blvd., Akio Morita Building, 5th Floor, Culver City, CA 90232. Plaintiffs further allege that SONY holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

28.     Upon information and belief, Plaintiffs allege that Defendant "EMI CONSORTIUM MUSIC PUBLISHING, LTD" ("EMI") is a subsidiary corporation of SONY organized and existing under the laws of New York, with its principal places of business at 25 Madison Avenue, New York, NY 10010. Plaintiffs further allege that EMI conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that EMI holds an ownership stake in and/or administers the

copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

29.    Upon information and belief, Plaintiffs allege that Defendants HAL LEONARD LLC ("HAL LEONARD") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 7777 West Bluemound Road, Milwaukee, WI 94710. Plaintiffs further allege that HAL LEONARD maintains an agent for service of process in California, and conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that HAL LEONARD holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

30.    Upon information and belief, Plaintiffs allege that HIPGNOSIS SONGS GROUP, LLC ("HIPGNOSIS") is a limited liability company organized and existing under the laws of Delaware. HIPGNOSIS' principal place of business is located at 15503 Ventura Blvd., Suite 300, Encino, CA 91436. Plaintiffs further allege that HIPGNOSIS holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

31.    Upon information and belief, Plaintiffs allege that BROADCAST MUSIC, INC. ("BMI") is a corporation organized and existing under the laws of Delaware. BMI's principal place of business is located at 10 Music Square East, Nashville, TN 37203. Plaintiffs further allege that BMI maintains a registered agent for service of process in California and conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that BMI holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

32.    Upon information and belief, Plaintiffs allege that ASCAP ENTERPRISES LLC ("ASCAP") is a limited liability company organized and

existing under the laws of New York. ASCAP's principal places of business are located at 250 West 57th Street, New York, NY 10107; and 7920 West Sunset Boulevard, Third Floor, Los Angeles, CA 90046. Plaintiffs further allege that ASCAP holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses CALL OUT MY NAME and *My Dear Melancholy*.

33.    Upon information and belief, Plaintiffs allege that YOUTUBE ENTERTAINMENT STUDIOS, INC. ("YOUTUBE") is a corporation organized and existing under the laws of Delaware. YOUTUBE's principal place of business is located at 2901 Cherry Avenue, San Bruno, CA 94066. Plaintiffs further allege that YOUTUBE streams CALL OUT MY NAME and *My Dear Melancholy*.

34.    Upon information and belief, Plaintiffs allege that APPLE INC. ("APPLE"), individually and dba "APPLE MUSIC," is a corporation organized and existing under the laws of California. APPLE's principal place of business is located at One Apple Park Way, Cupertino, CA 95014. Plaintiffs further allege that APPLE streams CALL OUT MY NAME and *My Dear Melancholy*.

35.    Upon information and belief, Plaintiffs allege that AMAZON, INC. ("AMAZON"), individually and dba "AMAZON MUSIC," is a corporation organized and existing under the laws of Delaware. AMAZON's principal place of business is located at 1200 12th Avenue South, Suite 1200, Seattle, WA 98114. Plaintiffs further allege that AMAZON maintains multiple offices in Los Angeles, CA. Plaintiffs further allege that AMAZON streams CALL OUT MY NAME and *My Dear Melancholy*.

36.    Upon information and belief, Plaintiffs allege that VIMEO.COM, INC. ("VIMEO") is a corporation organized and existing under the laws of Delaware. VIMEO's principal place of business is located at 555 West 18th Street, New York, NY 10011. Plaintiffs further allege that VIMEO conducts business in Los Angeles,

CA and/or this judicial district. Plaintiffs further allege that VIMEO streams CALL OUT MY NAME and *My Dear Melancholy*.

37.    Upon information and belief, Plaintiffs allege that SPOTIFY USA, INC. ("SPOTIFY") is a corporation organized and existing under the laws of Delaware. SPOTIFY's principal place of business is located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007. Plaintiffs further allege that SPOTIFY maintains offices in Los Angeles, CA and/or conducts business in Los Angeles, CA and/or this judicial district. Plaintiffs further allege that SPOTIFY streams CALL OUT MY NAME and *My Dear Melancholy*.

38.    Upon information and belief, Plaintiffs allege that Defendants DOES 1 through 10 ("DOE Defendants") (altogether with the individuals and entities listed above, "Defendants"), are other parties not yet identified who have infringed Plaintiffs' copyrights. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiffs, who sue said DOE Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

39.    Upon information and belief, Plaintiffs allege that, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all facts and circumstances, including each violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS IN "VIBEKING"

40.    Plaintiffs are sought-after composers, producers, and multi-instrumentalists. Serving as Music Director, Music Programmer, and Disc Jockey

("DJ") for internationally renowned artists—including Drake, Kanye West, Lady Gaga, Lil Wayne, A$AP Rocky, Mike Posner, and Logic—Plaintiffs have garnered a reputation for a unique sound that combines electronica, ambience, pop, hip-hop, rock, and Rhythm & Blues ("R&B") into songs that are at once atmospheric, emotional, and raw.

**A. Plaintiffs' Creation of VIBEKING**

41.     Plaintiffs are the authors of "VIBEKING," an original musical composition and sound recording registered with the United States Copyright Office under U.S. Copyright Reg. No. SR0000872910. VIBEKING was created in April 2015 and first published in or around April or May 2017.

42.     The atmospheric and melancholic sound of VIBEKING showcases Plaintiffs' characteristic production style. VIBEKING is in a 6/8 meter[1] and has a tempo of 118 Beats Per Minute ("BPM"). In a 6/8 meter, an eighth note occupies one beat, and there are six beats in each bar. A 6/8 meter has a distinctive rhythmic character and is less common in popular music than a 3/4 or 4/4 meter.

43.     VIBEKING is in the key of G minor.[2] The chord progression used throughout nearly the entirety of VIBEKING, including the hook,[3] consists of

---

[1] "Meter" defines the number of beats per bar. Meter determines the basic pulse and rhythm of a piece of music.

[2] "Key" refers to the tonal center of a musical composition, and to the scale or series of pitches that create the melodic and harmonic material of the music. Whether a key is "major" or "minor" is determined by the series of pitches in the scale.

[3] The "hook" is a term used in popular music for the signature melodic material of the work by which the work is recognized. A "vocal hook" is usually the phrase in which the title lyrics are sung. An "instrumental hook" refers to a primary instrumental melody associated with the song, similar in function to a vocal hook.

repeated oscillation between the same two chords[4]: G minor 7 ("Gm7"), the minor i (one) chord, and C minor 7 ("Cm7"), the minor iv (four) chord. This minimalistic harmonic variation is a distinctive compositional element of VIBEKING.

44.     The melody in VIBEKING's instrumental hook, played on the lead guitar, consists of a four-bar phrase in which the chord Gm7 accompanies the hook melody scale degrees[5] 1-1-3-5, followed by the chord Cm7 accompanying the hook melody scale degree 4, according to the following melodic and harmonic rhythm[6] (transposed[7] to the key of A minor for ease of reference, and including the scale degrees written above each note):



---

[4] A "chord" is a simultaneous sounding of three or more tones. A series of chords is called a "chord progression." The chordal accompaniment to a melody is called "Harmony."

[5] A "scale degree" describes the position within a musical scale of a particular tone. For example, in a traditional seven-note C major scale (comprising C, D, E, F, G, A, and B), the first tone, C, is scale degree 1; the second tone, D, is scale degree 2; the third tone, E, is scale degree 3; etc.

[6] "Harmonic rhythm" refers to the rhythm created by the rate of chord changes.

[7] Transposition is a process whereby a musical work or passage is changed from one key to another, but all of the musical properties—such as melody, harmony, and structure—remain intact.

45.     As shown above, the metric placement[8] of the first note (scale degree 1), which is a sustained tone, occurs on beat one of the first bar of the melody; the second, third, and fourth notes (scale degrees 1, 3, and 5, in that order), which are eighth notes, occur on beats four, five, and six of the second bar of the melody; and the fifth note (scale degree 4), which is a sustained tone, occurs on beat one of the third bar of the melody. And the harmonic rhythm is two bars per chord: the minor i chord occurs on the downbeat of the first bar of the melody, and the minor iv chord occurs on the downbeat of the third bar of the melody.

46.     This motif occurs ten times in total, accounting for approximately two minutes and five seconds of VIBEKING.[9]

**B. Defendants' Access to VIBEKING**

47.     Through their work as composers, producers, and multi-instrumentalists, Plaintiffs have built an extensive rolodex of connections and relationships within the music industry. One such connection is with an individual named ERIC WHITE pka PNDA ("PNDA"). At all relevant times, PNDA has been THE WEEKND's DJ and playback engineer.

48.     Upon information and belief, Plaintiffs alleges that in or around April 2015, PNDA suggested to STRANGE that Plaintiffs send VIBEKING to PNDA, who would then send VIBEKING to THE WEEKND for consideration. On April 27, 2015, Plaintiffs sent VIBEKING to PNDA, who confirmed receipt of the same. Since

---

[8] "Metric placement" describes the location within a bar of a particular pitch. For example, two pitches with the same metric placement would occur on the same beat—such as beat 1, 2, 3, or 4—or subdivision of that beat.

[9] There are occasional variations within those ten occurrences, whereby the hook is embellished with interim scale degrees on the sustained tones. "Embellishment" tones are less essential tones on rhythmically weak beats that emphasize the more essential tones on stronger beats.

that time, Plaintiffs have sent other original compositions and sound recordings to THE WEEKND for consideration via PNDA.

49.     On April 29, 2015, PNDA confirmed to STRANGE that THE WEEKND replied "shits fiiiire" to email correspondence containing VIBEKING, a comment suggesting that THE WEEKND liked, enjoyed, and/or thought highly of VIBEKING.

50.     Similarly, on May 15, 2015, PNDA confirmed to STRANGE that THE WEEKND listened to VIBEKING and commented that "It's fire," again suggesting that THE WEEKND liked, enjoyed, and/or thought highly of VIBEKING.

51.     In or around mid-October 2016, PNDA wrote to STRANGE that "I sent [THE WEEKND] that track u made a while ago. He listened and liked it. But nothing ever happened."

52.     Shortly thereafter, PNDA again wrote to STRANGE, stating "Just gonna tell [THE WEEKND] that our production team wrote the track. Cool? Or u have another idea? Just don't wanna say 'hey, [STRANGE] wrote this' when he doesn't know u." STRANGE responded to PNDA that "[THE WEEKND] knows me. Say both. [STRANGE] with Ponytail you met on Drake tour. Who is part of our production team."

53.     Plaintiffs were never presented with a license or agreement permitting Defendants' use of VIBEKING, nor did Plaintiffs ever authorize or consent to Defendants' use of the same.

**C. CALL OUT MY NAME's Release**

54.     On March 30, 2018, THE WEEKND released *My Dear Melancholy*, a six-song EP. "CALL OUT MY NAME" is the EP's single and first song. THE WEEKND, FRANK DUKES, and JAAR are listed as co-authors of CALL OUT MY NAME's music.

55.      CALL OUT MY NAME was released to great commercial success. Physical copies, digital sales and downloads, and streaming of the *My Dear Melancholy* EP, as well as the CALL OUT MY NAME single, were and continue to be available. CALL OUT MY NAME has earned Platinum status in the United States for millions of unit sales, and garnered hundreds of millions of views on YOUTUBE alone (just one of the aforementioned streaming services).

56.      True to its accompanying lyrics and the name of the EP on which it appears, CALL OUT MY NAME is atmospheric and melancholic. CALL OUT MY NAME is in a 6/8 meter and has a tempo of 134 BPM.

57.      CALL OUT MY NAME is in the key of D# minor. The chord progression used throughout nearly the entirety of CALL OUT MY NAME, including the hook, consists of repeated oscillation between the same two chords: D# minor 7 ("D#m7"), the minor i (one) chord, and G# minor 7 ("G#m7"), the minor iv (four) chord.

58.      The melody in CALL OUT MY NAME's hook, sung by THE WEEKND, consists of a four-bar phrase in which the chord D#m7 accompanies the hook melody scale degrees 1-1-3-5, followed by the chord G#m7 accompanying the hook melody scale degree 4, according to the following melodic and harmonic rhythm (transposed to the key of A minor for ease of reference, and including the scale degrees written above each note):

//

//

//

59.     As shown above, the metric placement of the second, third, and fourth notes (scale degrees 1, 3, and 5, in that order) of CALL OUT MY NAME's hook melody, which are eighth notes, occur on beats four, five, and six of the second bar of the above four-bar phrase; and the fifth note (scale degree 4) of the hook melody, a sustained tone, occurs on beat one of the third bar of the above four-bar phrase. As is also shown above, that motif is occasionally repeated in the background vocal. And the harmonic rhythm is two bars per chord: the minor i chord occurs on the downbeat of the first bar of the above four-bar phrase, and the minor iv chord occurs on the downbeat of the third bar of the above four-bar phrase.

60. This motif occurs twelve times in total (nine times in the lead vocal, and three times in the backup vocal) with occasional embellishments and lyrical variations (e.g., "So call out my name," "I want you to stay," and "Girl, why can't you wait"), accounting for approximately 41 seconds of CALL OUT MY NAME's three minutes and 48 seconds.

**D. CALL OUT MY NAME's Similarity to VIBEKING**

61.     VIBEKING and CALL OUT MY NAME contain quantitatively and qualitatively similar material in their respective lead guitar and vocal hooks, including melodic, harmonic, and rhythmic elements distinctive to VIBEKING.

62.     Both works are in a minor key. Both works are in a 6/8 meter that is less common in popular music. Both works are played at a similar tempo. And both works use features of electronica, ambience, pop, hip-hop, rock, and R&B to achieve a particular atmospheric and melancholic sound.

63.     All of the scale degrees in the VIBEKING hook melody are used in the CALL OUT MY NAME hook melody. The eighth note rhythm of the shared scale degree series 1-3-5 is identical in both works. And the scale degree 4 that directly follows that series is a sustained tone in both works.

64.     The metric placement of the shared scale degree series 1-3-5-4 is also identical in both works. That is, scale degrees 1-3-5 occur on beats four, five, and six of a bar, followed by scale degree 4 on the downbeat (beat one) of the next bar.

65.     The harmonies accompanying these scale degrees are also the same. In both works, the minor i chord accompanies the hook melody scale degrees 1-1-3-5, followed by the minor iv chord accompanying the hook melody scale degree 4.

66.     And the same minimalistic harmonic variation is present in both works. In particular, the distinctive compositional element of repeated oscillation between the same two chords—minor i and minor iv—features throughout nearly the entirety of both works. And the harmonic rhythm of the respective hooks is the same: two bars per chord, with each chord played on the downbeat (beat one) of the bar in which it occurs.

67.     These similarities are on full display in the below comparison (with VIBEKING transposed to the key of D# minor, the same key as CALL OUT MY NAME, for ease of comparison). CALL OUT MY NAME is notated in the top "vocal" staff, and VIBEKING is notated in the bottom "guitar" staff:



68.     Thus, following the creation and publication of VIBEKING and gaining

access to the same, Defendants, and each of them, included elements in the CALL

OUT MY NAME musical composition and sound recording that are strikingly and/or substantially similar, if not identical, to original elements from the VIBEKING musical composition and sound recording, without a license, authorization, or consent from Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

69.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

70.    Upon information and belief, Plaintiffs allege that Defendants had access to VIBEKING, including because STRANGE sent VIBEKING to PNDA, PNDA confirmed receipt of VIBEKING, PNDA confirmed that THE WEEKND listened to and liked VIBEKING, and THE WEEKND confirmed the same; and because Plaintiffs have, from time to time, sent original musical compositions and sound recordings to THE WEEKND for consideration through PNDA. Plaintiffs further allege that the original elements in VIBEKING that are reproduced in CALL OUT MY NAME establish CALL OUT MY NAME's striking similarity to, and thus Defendants' access to, VIBEKING.

71.    Upon information and belief, Plaintiffs allege that Defendants, and each of them, copied, reproduced, published, distributed, transmitted, publicly performed, licensed, created derivative works of, and/or otherwise used in CALL OUT MY NAME the original elements of, and/or elements that are substantially similar to the original elements of, VIBEKING without a license, authorization, or consent from Plaintiffs.

72.    Due to Defendants' (and each of their) acts of copyright infringement, Plaintiffs have suffered damages in an amount to be established at trial.

73.    Due to Defendants' (and each of their) acts of copyright infringement, Defendants (and each of them) have obtained (and continue to obtain) profits from

the exploitation of CALL OUT MY NAME they would not have realized but for their infringement of Plaintiffs' copyrights in and to VIBEKING. As such, Plaintiffs are entitled to disgorgement of Defendants' (and each of their) profits attributable to the infringement of Plaintiffs' copyrights in and to VIBEKING in an amount to be established at trial.

74.     Upon information and belief, Plaintiffs allege that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or have recklessly disregarded, Plaintiffs' copyrights in and to VIBEKING, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

75.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

76.     Upon information and belief, Plaintiffs allege that Defendants, and each of them, knowingly induced, participated in, aided, abetted, and/or profited from the unauthorized copying, reproduction, publication, distribution, transmission, public performance, licensing, creation of derivative works of, and/or any other use in CALL OUT MY NAME of the original elements of, and/or elements that are substantially similar to the original elements of, VIBEKING.

77.     Upon information and belief, Plaintiffs allege that Defendants, and each of them, had the right and ability to supervise the creation and exploitation of CALL OUT MY NAME and/or had a direct financial interest in the same.

78.     Due to Defendants' (and each of their) acts of vicarious and/or contributory copyright infringement, Plaintiffs have suffered damages in an amount to be established at trial.

79.     Due to Defendants' (and each of their) acts of vicarious and/or contributory copyright infringement, Defendants (and each of them) have obtained (and continue to obtain) profits from the exploitation of CALL OUT MY NAME they would not have realized but for their infringement of Plaintiffs' copyrights in and to VIBEKING. As such, Plaintiffs are entitled to disgorgement of Defendants' (and each of their) profits attributable to the infringement of Plaintiffs' copyrights in and to VIBEKING in an amount to be established at trial.

80.     Upon information and belief, Plaintiffs allege that Defendants, and each of them, have committed vicarious and/or contributory copyright infringement with actual or constructive knowledge of, or have recklessly disregarded, Plaintiffs' copyrights in and to VIBEKING, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

a. That Defendants, and each of them, have directly and/or secondarily infringed Plaintiffs' copyrights in and to VIBEKING through the unauthorized creation and exploitation of CALL OUT MY NAME.

b. That Defendants, and each of them, their respective agents, and anyone else working in concert with Defendants and/or their agents, be enjoined from copying, reproducing, publishing, distributing, transmitting, publicly performing, licensing, creating derivative works of, and/or otherwise using VIBEKING's original elements, and/or any work containing elements that are strikingly or substantially similar thereto, without a license, authorization, or consent from Plaintiffs.

c. That a constructive trust be entered over any and all materials (e.g., sound recordings, video reproductions, etc.) used in connection with

the creation and exploitation of CALL OUT MY NAME, and all revenues and profits resulting therefrom, for the benefit of Plaintiffs;

d. That Plaintiffs be awarded all Defendants' (and each of their) profits, plus all Plaintiffs' losses, the exact sum to be proven at trial;

e. That Plaintiffs be awarded pre-judgment interest as permitted by law;

f. That Plaintiffs be awarded the costs of this action; and

g. That Plaintiffs be awarded such further legal and equitable relief as this Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: September 17, 2021                     DONIGER/BURROUGHS

                                   By:    */s/ Stephen M. Doniger*
                                          Stephen M. Doniger, Esq.
                                          Benjamin F. Tookey, Esq.
                                          Attorneys for Plaintiff

                                          Christopher S. Ghazarian, Esq.
                                          Attorney for Plaintiff