Peter Anderson, Esq., Cal. Bar No. 88891
    peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
    seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
    ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorney for Defendants
HAL LEONARD LLC, UNIVERSAL
MUSIC GROUP, INC., UNIVERSAL MUSIC
PUBLISHING, INC.,UNIVERSAL
MUSIC CORP., MATTITUDE MUSIC LLC,
APPLE INC., HIPGNOSIS SONGS GROUP, LLC,
and AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NEIL FOX PAREKH pka SUNIEL FOX, an individual; and SHYHI HENRY HSAIO pka HENRY STRANGE, an individual;<br><br>        Plaintiffs,<br><br>    v.<br><br>ABEL MAKKONEN TESFAYE pka THE WEEKND, an individual; ADAM KING FEENEY pka FRANK DUKES, an individual; NICOLAS ALFREDO JAAR pka A.A.L., AGAINST ALL LOGIC, and/or NICO, an individual; THE WEEKND XO, LLC; THE WEEKND XO US LLC; THE WEEKND XO, INC.; THE WEEKND XO MUSIC, ULC; XO&CO., INC.; UNIVERSAL MUSIC CORPORATION; UNIVERSAL MUSIC GROUP, INC.;  UNIVERSAL MUSIC PUBLISHING, INC., individually and dba UNIVERSAL MUSIC PUBLISHING GROUP; UMG<br>    [Continued next page] | Case No. 2:21-cv-07488-FLA-KESx<br><br>ANSWER OF DEFENDANTS HAL LEONARD LLC, UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING, INC., UNIVERSAL MUSIC CORP., MATTITUDE MUSIC LLC, APPLE INC., HIPGNOSIS SONGS GROUP, LLC, AND AMAZON.COM, INC. TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

1   RECORDINGS, INC.; REPUBLIC                )
    RECORDS, INC.; XO RECORDS LLC;            )
2   KOBALT MUSIC PUBLISHING                   )
    AMERICA, INC.; AMERICAN MUSIC             )
3   RIGHTS ASSOCIATION, INC.;                 )
    SONGS MUSIC PUBLISHING, LLC;              )
4   NYAN KING MUSIC, INC.;                    )
    MATTITUDE MUSIC, LLC;                     )
5   PEERMUSIC LTD.; PEERMUSIC III,            )
    LTD.; SONY MUSIC PUBLISHING               )
6   LLC; EMI CONSORTIUM MUSIC                 )
    PUBLISHING, LTD; HAL LEONARD              )
7   LLC; HIPGNOSIS SONGS GROUP,               )
    LLC; BROADCAST MUSIC, INC.;               )
8   ASCAP ENTERPRISES LLC;                    )
    YOUTUBE ENTERTAINMENT                     )
9   STUDIOS, INC.; APPLE INC.,                )
    individually and dba APPLE MUSIC;         )
10  AMAZON, INC., individually and dba        )
    AMAZON MUSIC; VIMEO.COM,                  )
11  INC.; SPOTIFY USA, INC.; and DOES         )
    1 through 10,                             )
12                                            )
                    Defendants.               )
13                                            )
                                              )
14  ─────────────────────────────────        )

Defendants Hal Leonard LLC ("Hal Leonard"), Universal Music Group, Inc. ("UMGI"), Universal Music Publishing, Inc. ("UMPI"), Universal Music Corp. ("UMC"), Mattitude Music LLC ("Mattitude"), Hipgnosis Songs Group, LLC ("Hipgnosis"), Apple Inc. ("Apple"), and Amazon.com, Inc., erroneously sued as Amazon, Inc. ("Amazon," and together with Hal Leonard, UMGI, UMG Recordings, UMPI, UMC, Mattitude, Hipgnosis, and Apple, "Defendants") answer the Complaint of plaintiffs Neil Fox Parekh pka Suniel Fox and Shyhi Henry Hsaio pka Henry Strange ("Plaintiffs"), as follows:

## "JURISDICTION AND VENUE"[1]

1.      Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Plaintiffs contend that this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. (the "Copyright Act"), insofar as Plaintiff purports to assert claims under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

2.      Answering paragraph 2 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Plaintiffs contend this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b), insofar as Plaintiff purports to assert claims under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

3.      Answering paragraph 3 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

---

[1]      Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

1

thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that venue is proper in this judicial district and Defendants deny each and every remaining allegation contained therein.

## "**PARTIES**"

4.     Answering paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

5.     Answering paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

6.     Answering paragraph 6 of the Complaint, Defendants admit that Abel Tesfaye is professionally known as the Weeknd, and that he is credited as a co-songwriter of the musical work titled "Call Out My Name" ("*Call Out My Name*"), Defendants deny that he is credited as a producer of the "EP" titled "My Dear Melancholy" ("*My Dear Melancholy*"), deny that "Call Out My Name" is an infringing song, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

7.     Answering paragraph 7 of the Complaint, Defendants admit that Adam King Feeney was formerly professionally known as "Frank Dukes" and is credited as a co-songwriter of *Call Out My Name*, as well as a producer of sound recordings included in *My Dear Melancholy*, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

8.     Answering paragraph 8 of the Complaint, Defendants admit that Nicolas Jaar is credited as a co-songwriter of "Call Out My Name," and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

9.     Answering paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

10.     Answering paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

11.     Answering paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

12.     Answering paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

13.     Answering paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

14.     Answering paragraph 14 of the Complaint, Defendants UMGI, UMPI, and UMC admit that UMC is a corporation that maintains an office in Los Angeles, CA and conducts business in Los Angeles, CA and/or this judicial district, deny that UMC publishes and/or administers an interest in *Call Out My Name* or any of the musical compositions in *My Dear Melancholy*, and deny the remaining allegations contained therein.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

15.     Answering paragraph 15 of the Complaint, Defendants UMGI, UMPI, and UMC admit that UMGI is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404, admit that UMG Recordings, Inc., is an indirect subsidiary of UMGI, deny that UMGI does business as UMG Recordings, Inc., Republic Records,

Inc., and XO Records LLC ("XO Records"), or any of them, deny that UMGI produced and/or distributes *Call Out My Name* or the sound recording of that name, or *My Dear Melancholy*, or any of the musical compositions and sound recordings in that EP, and deny the remaining allegations contained therein.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

16.   Answering paragraph 16 of the Complaint, Defendants UMGI, UMPI, and UMC admit that UMG Recordings, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404, admit that UMG Recordings, Inc., is an indirect subsidiary of UMGI, admit that UMG Recordings, Inc., distributes sound recordings featuring the Weeknd's performance, including the *Call Out My Name* sound recording and the *My Dear Melancholy* EP, and deny the remaining allegations contained therein.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

17.   Answering paragraph 17 of the Complaint, Defendants UMGI, UMPI, and UMC deny that Republic Records, Inc., is an entity affiliated with Defendants UMGI, UMPI, and UMC, respond that "Republic Records" is a trade name referring to an unincorporated division of UMG Recordings, Inc., and respectfully refer Plaintiffs to the response, above, to paragraph 16 of the Complaint.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

18.   Answering paragraph 18 of the Complaint, Defendants UMGI, UMPI, and UMC deny the allegations contained therein.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

4

19.     Answering paragraph 19 of the Complaint, Defendants UMGI, UMPI, and UMC admit that UMPI is a corporation organized and existing under the laws of California, with its principal place of business located at 2100 Colorado Avenue, Santa Monica, CA 90404, and deny the remaining allegations contained therein.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

20.     Answering paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

21.     Answering paragraph 21 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

22.     Answering paragraph 22 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

23.     Answering paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

24.     Answering paragraph 24 of the Complaint, Defendant Mattitude admits that it is a limited liability company organized and existing under the laws of Delaware, denies that its principal place of business is located at 304 Hudson Street, 7th Floor, New York, NY 10013, admits that it conducts business in Los Angeles, CA and/or this judicial district, admits that it holds an ownership stake in and/or administers the copyright(s) in and to, publishes, and/or licenses *Call Out My Name*, which is a musical compositions included in the *My Dear Melancholy* EP, and denies the remaining allegations contained therein.  The remaining Defendants lack

///

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

25. Answering paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

26. Answering paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

27. Answering paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

28. Answering paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

29. Answering paragraph 29 of the Complaint, Defendant Hal Leonard admits that it is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 7777 West Bluemound Road, Milwaukee, WI, denies that the zip code of its principal place of business is 94710, admits that it maintains an agent for service of process in California, admits that it conducts business in Los Angeles, CA and/or this judicial district, denies that it holds an ownership stake in and/or administers the copyright(s) in and to *Call Out My Name* and/or musical compositions included in the *My Dear Melancholy* EP, admits that it publishes, and/or licenses *Call Out My Name* and/or musical compositions included in the *My Dear Melancholy* EP, and denies the remaining allegations contained therein. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, deny those allegations.

///

30.     Answering paragraph 30 of the Complaint, Defendant Hipgnosis admits that it is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 15503 Ventura Boulevard, Suite 300, Encino, CA 91436, denies that it holds an ownership stake in *Call Out My Name* and other musical compositions included in the *My Dear Melancholy* EP, admits that it administers a share of *Call Out My Name*, denies that it administers any of the other musical compositions included in the *My Dear Melancholy* EP, and denies the remaining allegations contained therein.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, deny those allegations.

31.     Answering paragraph 31 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

32.     Answering paragraph 32 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

33.     Answering paragraph 33 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

34.     Answering paragraph 34 of the Complaint, Defendant Apple admits that it is a corporation organized and existing under the laws of California, with a principal place of business located at One Apple Park Way, Cupertino, CA 95014, admits offering and operating the Apple Music service in the United States, admits that it streams the *Call Out My Name* sound recording and other sound recordings included in the *My Dear Melancholy* EP, and denies the remaining allegations contained therein.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

7

35.     Answering paragraph 35 of the Complaint, Defendant Amazon denies that "Amazon, Inc." is an entity affiliated with Defendant Amazon and, to the extent Plaintiffs intended to direct the allegations of this paragraph to Defendant Amazon, Defendant Amazon admits that it is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 410 Terry Avenue North, Seattle, WA 98109, admits that subsidiaries of Defendant Amazon do business as Amazon Music, admits that it, through its subsidiaries, maintains offices in California, including in this district, admits that subsidiaries of Defendant Amazon stream the *Call Out My Name* sound recording and other sound recordings included in the *My Dear Melancholy* EP, and denies the remaining allegations contained therein.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

36.     Answering paragraph 36 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

37.     Answering paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

38.     Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

39.     Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of

8

fact, Defendants deny the allegations in that paragraph insofar as they relate to Defendants, otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

**"INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS IN 'VIBEKING'"**

40.    Answering paragraph 40 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

**"A.  Plaintiffs' Creation of VIBEKING"**

41.    Answering paragraph 41 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

42.    Answering paragraph 42 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph,  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

43.    Answering paragraph 43 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

44.    Answering paragraph 44 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

45.   Answering paragraph 45 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

46.   Answering paragraph 46 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

**"B.  Defendants' Access to VIBEKING"**

47.   Answering paragraph 47 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

48.   Answering paragraph 48 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

49.   Answering paragraph 49 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

50.   Answering paragraph 50 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

///

51.     Answering paragraph 51 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

52.     Answering paragraph 52 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

53.     Answering paragraph 53 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

**"C.  CALL OUT MY NAME's Release"**

54.     Answering paragraph 54 of the Complaint, Defendants admit that the *My Dear Melancholy* EP was released to the public in March 2018, that the sound recording of *Call Out My Name* was released as a single and is included in the *My Dear Melancholy* EP, that the Weeknd, Mr. Feeney, and Mr. Jaar are credited as songwriters of *Call Out My Name*, and deny the remaining allegations contained therein.

55.     Answering paragraph 55 of the Complaint, Defendants admit that the sound recording of *Call Out My Name* has been and continues to be downloaded and streamed, has earned "Platinum" status in the United States, has been viewed multiple times on YouTube, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

56.     Answering paragraph 56 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants ///

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

57.     Answering paragraph 57 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

58.     Answering paragraph 58 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

59.     Answering paragraph 59 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

60.     Answering paragraph 60 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and on that basis, deny those allegations.

///

///

**"D.  CALL OUT MY NAME's Similarity to VIBEKING"**

61.     Answering paragraph 61 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

62.     Answering paragraph 62 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

63.     Answering paragraph 63 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

64.     Answering paragraph 64 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

65.     Answering paragraph 65 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants ///

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

66.     Answering paragraph 66 of the Complaint, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

67.     Answering paragraph 67 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants object that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, deny those allegations.

68.     Answering paragraph 68 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

## "**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each)"**

69.     Answering paragraph 69 of the Complaint, Defendants repeat and reallege their responses set forth above in paragraphs 1 through 68 as if fully set forth herein.

70.     Answering paragraph 70 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

14

thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

71.     Answering paragraph 71 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

72.     Answering paragraph 72 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

73.     Answering paragraph 73 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

74.     Answering paragraph 74 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

**"SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement – Against**

**All Defendants, and Each)"**

75.     Answering paragraph 75 of the Complaint, Defendants repeat and reallege their responses set forth above in paragraphs 1 through 74 as if fully set forth herein.

76.     Answering paragraph 76 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

77. Answering paragraph 77 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

78. Answering paragraph 78 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

79. Answering paragraph 79 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

80. Answering paragraph 80 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

## FIRST AFFIRMATIVE DEFENSE[2]

### (Failure to State a Claim)

81. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

82. The allegedly infringing work was created independently of the allegedly infringed work.

///

---

[2] To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with Plaintiffs, Defendants raise the defense out of an abundance of caution and do not thereby assume that burden of proof.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Originality or Protectability)**

83.     The allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Lack of Ownership of the Allegedly Copied Material)**

84.     Plaintiffs do not own the copyright or any other rights in or to the portions of the claimed works that are allegedly copied in "Call Out My Name."

**FIFTH AFFIRMATIVE DEFENSE**

**(Alleged Infringement De Minimis)**

85.     Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the alleged use is de minimis.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Copyright Act Formalities)**

86.     Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

87.     Without admitting the alleged use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain constitutes fair use.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Lack of Standing)**

88.     Plaintiffs lack standing to assert the claims that Plaintiffs allege in this action.

///

///

17

### NINTH AFFIRMATIVE DEFENSE

### (Abandonment)

89.    Plaintiffs abandoned the copyright, or the allegedly infringed copyright rights, in the allegedly infringed works.

### TENTH AFFIRMATIVE DEFENSE

### (Waiver)

90.    Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

### (License)

91.    Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain was impliedly and/or expressly licensed.

### TWELFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

92.    Without admitting any infringement, which is denied, the alleged infringements were innocent.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

93.    The alleged infringements, or the remedies Plaintiffs seek, or Plaintiffs' claim of authorship or ownership of the allegedly infringed copyright, are barred in whole or part by statutes of limitation, including, *inter alia*, 17 U.S.C. § 507(b).

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

94.    Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the doctrine of laches.

///

///

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3   95.   Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the

4   doctrine of waiver.

5   96.   Defendants reserve the right to assert additional affirmative defenses if

6   discovery or Defendants' investigation reveals grounds for the assertion of the

7   additional defenses, including without limitation affirmative defenses that are

8   referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise

9   available under applicable law.

10

## PRAYER FOR RELIEF

11   **WHEREFORE**, Defendants pray for judgment as follows:

12   1.   That Plaintiffs take nothing by way of their Complaint and that the

13   Complaint be dismissed, with prejudice;

14   2.   That Defendants be awarded their costs and attorneys' fees; and

15   3.   For such other and further relief as the Court deems just and proper.

16

17   Dated: January 24, 2022

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
HAL LEONARD LLC, UNIVERSAL
MUSIC GROUP, INC., UNIVERSAL
MUSIC PUBLISHING, INC.,UNIVERSAL
MUSIC CORP., MATTITUDE MUSIC
LLC, HIPGNOSIS SONGS GROUP, LLC,
APPLE INC., and AMAZON.COM, INC.

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

Defendants Hal Leonard LLC, Universal Music Group, Inc., Universal Music

Publishing, Inc., Universal Music Corp., Mattitude Music LLC, Hipgnosis Songs

Group, LLC, Apple Inc., and Amazon.com, Inc., respectfully demand trial by jury.

Dated: January 24, 2022

                                            _____/s/ Peter Anderson_____
                                            Peter Anderson, Esq.
                                            Sean M. Sullivan, Esq.
                                            Eric H. Lamm, Esq.
                                  DAVIS WRIGHT TREMAINE LLP
                                    Attorneys for Defendants
                                HAL LEONARD LLC, UNIVERSAL
                                MUSIC GROUP, INC., UNIVERSAL
                              MUSIC PUBLISHING, INC.,UNIVERSAL
                              MUSIC CORP., MATTITUDE MUSIC
                              LLC, HIPGNOSIS SONGS GROUP, LLC,
                              APPLE INC., and AMAZON.COM, INC.