1   Peter Anderson, Esq., Cal. Bar No. 88891
          peteranderson@dwt.com
2   Sean M. Sullivan, Esq., Cal. Bar No. 229104
          seansullivan@dwt.com
3   Eric H. Lamm, Esq., Cal. Bar No. 324153
          ericlamm@dwt.com
4   DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, Suite 2400
5   Los Angeles, CA 90017-2566
    Tel: (213) 633-6800
6   Fax: (213) 633-6899

7   Attorney for Defendants
    ABEL TESFAYE, HAL LEONARD LLC,
8   UNIVERSAL MUSIC GROUP, INC.,
    UNIVERSAL MUSIC PUBLISHING, INC.,
9   UNIVERSAL MUSIC CORP., MATTITUDE
    MUSIC LLC, APPLE INC., HIPGNOSIS SONGS
10  GROUP, LLC, and AMAZON.COM, INC.

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14  NEIL FOX PAREKH pka SUNIEL         ) Case No. 2:21-cv-07488-FLA-KESx
    FOX, an individual; and SHYHI HENRY )
15                                      )
    HSAIO pka HENRY STRANGE, an        ) ANSWER OF DEFENDANT ABEL
16  individual;                        ) TESFAYE TO COMPLAINT
                                        )
17                                      )
                                        ) DEMAND FOR JURY TRIAL
18              Plaintiffs,             )
                                        )
19          v.                          )
                                        )
20  ABEL MAKKONEN TESFAYE pka          )
    THE WEEKND, an individual; ADAM    )
21  KING FEENEY pka FRANK DUKES,       )
    an individual; NICOLAS ALFREDO     )
22  JAAR pka A.A.L., AGAINST ALL       )
    LOGIC, and/or NICO, an individual; )
23  THE WEEKND XO, LLC; THE            )
    WEEKND XO US LLC; THE              )
24  WEEKND XO, INC.; THE WEEKND        )
    XO MUSIC, ULC; XO&CO., INC.;       )
25  UNIVERSAL MUSIC                    )
    CORPORATION; UNIVERSAL             )
26  MUSIC GROUP, INC.;  UNIVERSAL      )
    MUSIC PUBLISHING, INC.,            )
27  individually and dba UNIVERSAL     )
    MUSIC PUBLISHING GROUP; UMG        )
28          [Continued next page]      )

1  RECORDINGS, INC.; REPUBLIC )
   RECORDS, INC.; XO RECORDS LLC; )
2  KOBALT MUSIC PUBLISHING )
   AMERICA, INC.; AMERICAN MUSIC )
3  RIGHTS ASSOCIATION, INC.; )
   SONGS MUSIC PUBLISHING, LLC; )
4  NYAN KING MUSIC, INC.; )
   MATTITUDE MUSIC, LLC; )
5  PEERMUSIC LTD.; PEERMUSIC III, )
   LTD.; SONY MUSIC PUBLISHING )
6  LLC; EMI CONSORTIUM MUSIC )
   PUBLISHING, LTD; HAL LEONARD )
7  LLC; HIPGNOSIS SONGS GROUP, )
   LLC; BROADCAST MUSIC, INC.; )
8  ASCAP ENTERPRISES LLC; )
   YOUTUBE ENTERTAINMENT )
9  STUDIOS, INC.; APPLE INC., )
   individually and dba APPLE MUSIC; )
10 AMAZON, INC., individually and dba )
   AMAZON MUSIC; VIMEO.COM, )
11 INC.; SPOTIFY USA, INC.; and DOES )
   1 through 10, )
12                                    )
             Defendants.              )
13                                    )
                                      )
14 ────────────────────────────── )

Defendant Abel Tesfaye ("Defendant") answers the Complaint of plaintiffs Neil Fox Parekh pka Suniel Fox and Shyhi Henry Hsaio pka Henry Strange ("Plaintiffs"), as follows:

## "JURISDICTION AND VENUE"[1]

1.     Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant admits that Plaintiffs contend that this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. (the "Copyright Act"), insofar as Plaintiffs purport to assert claims under the Copyright Act, and Defendant denies each and every remaining allegation contained therein.

2.     Answering paragraph 2 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant admits that Plaintiffs contend this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b), insofar as Plaintiffs purport to assert claims under the Copyright Act, and Defendant denies each and every remaining allegation contained therein.

3.     Answering paragraph 3 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant admits that venue is proper in this judicial district and Defendant denies each and every remaining allegation contained therein.

///

///

---

[1]     Defendant includes the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendant denies each and every allegation thereof.

**"PARTIES"**

4.     Answering paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

5.     Answering paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

6.     Answering paragraph 6 of the Complaint, Defendant admits that he is professionally known as the Weeknd, that he has a residence in Los Angeles, California, and that he is credited as a co-songwriter of the musical work titled "Call Out My Name" ("*Call Out My Name*") and an executive producer of the "EP" titled "My Dear Melancholy" ("*My Dear Melancholy*"), denies that he is credited as a producer of *My Dear Melancholy*, and that *Call Out My Name* is an infringing song, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those allegations.

7.     Answering paragraph 7 of the Complaint, Defendant admits that Adam King Feeney was formerly professionally known as "Frank Dukes" and is credited as a co-songwriter of *Call Out My Name*, as well as a producer of sound recordings included in *My Dear Melancholy*, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those allegations.

8.     Answering paragraph 8 of the Complaint, Defendant admits that Nicolas Jaar is credited as a co-songwriter of "Call Out My Name," and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those allegations.

9.     Answering paragraph 9 of the Complaint, Defendant admits that The Weeknd XO LLC is a Delaware limited liability company and that Defendant is an

2

owner of The Weeknd XO LLC, denies that its principal place of business is 16000 Ventura Boulevard, Suite 600, Encino, California 91436, and denies that it owns rights in sound recordings featuring Defendant's performances, including the *Call Out My Name* sound recording and other sound recordings included in the *My Dear Melancholy* EP, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, denies those remaining allegations.

10. Answering paragraph 10 of the Complaint, Defendant admits that The Weeknd XO US LLC, is a Delaware limited liability company and that Defendant is an owner of The Weeknd XO US LLC, and denies that it owns rights in the copyrights in and to *Call Out My Name* and the *My Dear Melancholy* EP, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, denies those remaining allegations.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, Defendant admits that he is an owner of The Weeknd XO Music, ULC, and that The Weeknd XO Music, ULC, holds an ownership interest in the *Call Out My Name* sound recording and other sound recordings included in the *My Dear Melancholy* EP, and denies that The Weeknd XO Music, ULC, holds an ownership interest in the *Call Out My Name* musical composition and other musical compositions included in the *My Dear Melancholy* EP, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, denies those remaining allegations.

13. Answering paragraph 13 of the Complaint, Defendant admits that he holds an ownership interest in XO&C., Inc., and denies the remaining allegations contained therein.

3

14. Answering paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

15. Answering paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

16. Answering paragraph 16 of the Complaint, Defendant admits that UMG Recordings, Inc., distributes sound recordings featuring Defendant's performances, including the *Call Out My Name* sound recording and sound recordings in the *My Dear Melancholy* EP, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those remaining allegations.

17. Answering paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

18. Answering paragraph 18 of the Complaint, Defendant admits that XO Records LLC is a Delaware limited liability company, and denies that XO Records LLC is a subsidiary of Universal Music Group, Inc., that XO Records LLC produced and/or distributes *Call Out My Name* and/or the *My Dear Melancholy* EP, and that its principal place of business is 16000 Ventura Boulevard, Suite 600, Encino, California 91436, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those remaining allegations.

19. Answering paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

///

///

20.     Answering paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

21.     Answering paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

22.     Answering paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

23.     Answering paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

24.     Answering paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

25.     Answering paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

26.     Answering paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

27.     Answering paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

28.     Answering paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

///

29.     Answering paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, denies those allegations.

30.     Answering paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, denies those allegations.

31.     Answering paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

32.     Answering paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

33.     Answering paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

34.     Answering paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

35.     Answering paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

36.     Answering paragraph 36 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

37.     Answering paragraph 37 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

///

38.     Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

39.     Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph insofar as they relate to Defendant, otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

**"INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS IN 'VIBEKING'"**

40.     Answering paragraph 40 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

**"A.  Plaintiffs' Creation of VIBEKING"**

41.     Answering paragraph 41 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

42.     Answering paragraph 42 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph,  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

///

///

43.     Answering paragraph 43 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

44.     Answering paragraph 44 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

45.     Answering paragraph 45 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

46.     Answering paragraph 46 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

///
///
///
///

**"B.  Defendants' Access to VIBEKING"**

47.    Answering paragraph 47 of the Complaint, Defendant admits that for a time Eric White was a playback engineer and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, denies those remaining allegations.

48.    Answering paragraph 48 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

49.    Answering paragraph 49 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

50.    Answering paragraph 50 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

51.    Answering paragraph 51 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

52.    Answering paragraph 52 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

53.    Answering paragraph 53 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

///

///

///

///

**"C.  CALL OUT MY NAME's Release"**

54.   Answering paragraph 54 of the Complaint, Defendant admits that the *My Dear Melancholy* EP was released to the public in March 2018, that the sound recording of *Call Out My Name* was released as a single and is included in the *My Dear Melancholy* EP, and that Defendant, Mr. Feeney, and Mr. Jaar are credited as songwriters of *Call Out My Name*, and denies the remaining allegations contained therein.

55.   Answering paragraph 55 of the Complaint, Defendant admits that the sound recording of *Call Out My Name* has been and continues to be downloaded and streamed, has earned "Platinum" status in the United States, has been viewed multiple times on YouTube, and Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, denies those allegations.

56.   Answering paragraph 56 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, denies those allegations.

57.   Answering paragraph 57 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

58.   Answering paragraph 58 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of

Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

59.    Answering paragraph 59 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

60.    Answering paragraph 60 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and on that basis, denies those allegations.

**"D.  CALL OUT MY NAME's Similarity to VIBEKING"**

61.    Answering paragraph 61 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

62.    Answering paragraph 62 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

63.    Answering paragraph 63 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require

that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

64.   Answering paragraph 64 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

65.   Answering paragraph 65 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

66.   Answering paragraph 66 of the Complaint, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies those allegations.

67.   Answering paragraph 67 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant objects that the allegations in this paragraph require the opinion of an expert and purporting to require that Defendant respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert

12

allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, on that basis, denies those allegations.

68.     Answering paragraph 68 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

**"FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each)"**

69.     Answering paragraph 69 of the Complaint, Defendant repeats and realleges his responses set forth above in paragraphs 1 through 68 as if fully set forth herein.

70.     Answering paragraph 70 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

71.     Answering paragraph 71 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

72.     Answering paragraph 72 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

73.     Answering paragraph 73 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

74.     Answering paragraph 74 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

## "SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)"

75.     Answering paragraph 75 of the Complaint, Defendant repeats and realleges his responses set forth above in paragraphs 1 through 74 as if fully set forth herein.

76.     Answering paragraph 76 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

77.     Answering paragraph 77 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

78.     Answering paragraph 78 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

79.     Answering paragraph 79 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

80.     Answering paragraph 80 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto;

to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendant denies the allegations in that paragraph.

## FIRST AFFIRMATIVE DEFENSE[2]

### (Failure to State a Claim)

81.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

82.    The allegedly infringing work was created independently of the allegedly infringed work.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Originality or Protectability)

83.    The allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Lack of Ownership of the Allegedly Copied Material)

84.    Plaintiffs do not own the copyright or any other rights in or to the portions of the claimed works that are allegedly copied in "Call Out My Name."

## FIFTH AFFIRMATIVE DEFENSE

### (Alleged Infringement De Minimis)

85.    Without admitting the use of any copyrighted material allegedly owned by Plaintiffs, which is denied, the alleged use is de minimis.

///

///

///

---

[2]    To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with Plaintiffs, Defendant raises the defense out of an abundance of caution and does not thereby assume that burden of proof.

1                   **SIXTH AFFIRMATIVE DEFENSE**

2         **(Failure to Comply with Copyright Act Formalities)**

3       86.    Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the

4 failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including

5 but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

6              **SEVENTH AFFIRMATIVE DEFENSE**

7                       **(Fair Use)**

8       87.    Without admitting the alleged use of any copyrighted material allegedly

9 owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain

10 constitutes fair use.

11              **EIGHTH AFFIRMATIVE DEFENSE**

12           **(Plaintiffs' Lack of Standing)**

13       88.    Plaintiffs lack standing to assert the claims that Plaintiffs allege in this

14 action.

15               **NINTH AFFIRMATIVE DEFENSE**

16                 **(Abandonment)**

17       89.    Plaintiffs abandoned the copyright, or the allegedly infringed copyright

18 rights, in the allegedly infringed works.

19               **TENTH AFFIRMATIVE DEFENSE**

20                     **(Waiver)**

21       90.    Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the

22 doctrine of waiver.

23            **ELEVENTH AFFIRMATIVE DEFENSE**

24                    **(License)**

25       91.    Without admitting the use of any copyrighted material allegedly owned

26 by Plaintiffs, which is denied, the conduct of which Plaintiffs complain was impliedly

27 and/or expressly licensed.

28 ///

## TWELFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

92.     Without admitting any infringement, which is denied, the alleged infringements were innocent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

93.     The alleged infringements, or the remedies Plaintiffs seek, or Plaintiffs' claim of authorship or ownership of the allegedly infringed copyright, are barred in whole or part by statutes of limitation, including, *inter alia*, 17 U.S.C. § 507(b).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

94.     Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

95.     Plaintiffs' claims and/or the remedies Plaintiffs seek are barred by the doctrine of waiver.

96.     Defendant reserves the right to assert additional affirmative defenses if discovery or Defendant's investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, defendant Abel Tesfaye pray for judgment as follows:

1.     That Plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed, with prejudice;

2.     That Defendant be awarded his costs and attorneys' fees; and

///

17

1        3.     For such other and further relief as the Court deems just and proper.

Dated: February 8, 2022

                                   _____/s/ Peter Anderson_____

                                        Peter Anderson, Esq.
                                        Sean M. Sullivan, Esq.
                                        Eric H. Lamm, Esq.
                          DAVIS WRIGHT TREMAINE LLP
                                Attorneys for Defendants
                        ABEL TESFAYE, HAL LEONARD LLC,
                        UNIVERSAL MUSIC GROUP, INC.,
                        UNIVERSAL MUSIC PUBLISHING,
                        INC.,UNIVERSAL MUSIC CORP.,
                        MATTITUDE MUSIC LLC, HIPGNOSIS
                        SONGS GROUP, LLC, APPLE INC., and
                        AMAZON.COM, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Defendant Abel Tesfaye respectfully demands trial by jury.

Dated: February 8, 2022

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
ABEL TESFAYE, HAL LEONARD LLC,
UNIVERSAL MUSIC GROUP, INC.,
UNIVERSAL MUSIC PUBLISHING,
INC.,UNIVERSAL MUSIC CORP.,
MATTITUDE MUSIC LLC, HIPGNOSIS
SONGS GROUP, LLC, APPLE INC., and
AMAZON.COM, INC.