|   |   |
|---|---|
| 1 | Peter Anderson, Esq., Cal. Bar No. 88891 |
|   |     peteranderson@dwt.com |
| 2 | Sean M. Sullivan, Esq., Cal. Bar No. 229104 |
|   |     seansullivan@dwt.com |
| 3 | Eric H. Lamm, Esq., Cal. Bar No. 324153 |
|   |     ericlamm@dwt.com |
| 4 | DAVIS WRIGHT TREMAINE LLP |
|   | 865 South Figueroa Street, Suite 2400 |
| 5 | Los Angeles, CA 90017-2566 |
|   | Tel: (213) 633-6800 |
| 6 | Fax: (213) 633-6899 |
| 7 | Attorney for Defendants |
|   | ABEL TESFAYE, HAL LEONARD LLC, |
| 8 | UNIVERSAL MUSIC GROUP, INC., |
|   | UNIVERSAL MUSIC PUBLISHING, INC., |
| 9 | UNIVERSAL MUSIC CORP., MATTITUDE |
|   | MUSIC LLC, APPLE INC., HIPGNOSIS SONGS |
| 10 | GROUP, LLC, and AMAZON.COM, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NEIL FOX PAREKH pka SUNIEL FOX, an individual; and SHYHI HENRY HSAIO pka HENRY STRANGE, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> ABEL MAKKONEN TESFAYE pka THE WEEKND, an individual; ADAM KING FEENEY pka FRANK DUKES, an individual; NICOLAS ALFREDO JAAR pka A.A.L., AGAINST ALL LOGIC, and/or NICO, an individual; THE WEEKND XO, LLC; THE WEEKND XO US LLC; THE WEEKND XO, INC.; THE WEEKND XO MUSIC, ULC; XO&CO., INC.; UNIVERSAL MUSIC CORPORATION; UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL MUSIC PUBLISHING, INC., individually and dba UNIVERSAL MUSIC PUBLISHING GROUP; UMG RECORDINGS, INC.; REPUBLIC RECORDS, INC.; XO RECORDS LLC; KOBALT MUSIC PUBLISHING <br> [Continued next page] | Case No. 2:21-cv-07488-FLA-KESx <br><br> DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER (1) BIFURCATING DISCOVERY OR, ALTERNATIVELY, (2) SETTING EARLY EXPERT DISCLOSURE AND DISCOVERY DATES AS TO THE EXTRINSIC TEST, AND (3) PERMITTING EARLY SUMMARY JUDGMENT MOTION AS TO THE EXTRINSIC TEST <br><br> Date: April 8, 2022 <br> Time: 1:30 p.m. <br><br> Courtroom of the Honorable <br> Fernando L. Aenlle-Rocha <br> United States District Judge |

AMERICA, INC.; AMERICAN MUSIC RIGHTS ASSOCIATION, INC.; SONGS MUSIC PUBLISHING, LLC; NYAN KING MUSIC, INC.; MATTITUDE MUSIC, LLC; PEERMUSIC LTD.; PEERMUSIC III, LTD.; SONY MUSIC PUBLISHING LLC; EMI CONSORTIUM MUSIC PUBLISHING, LTD; HAL LEONARD LLC; HIPGNOSIS SONGS GROUP, LLC; BROADCAST MUSIC, INC.; ASCAP ENTERPRISES LLC; YOUTUBE ENTERTAINMENT STUDIOS, INC.; APPLE INC., individually and dba APPLE MUSIC; AMAZON, INC., individually and dba AMAZON MUSIC; VIMEO.COM, INC.; SPOTIFY USA, INC.; and DOES 1 through 10,

Defendants.

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 8, 2022, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 6B of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, defendants Abel Tesfaye, Hal Leonard LLC, Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corp., Mattitude Music LLC, Hipgnosis Songs Group, LLC, Apple Inc., and Amazon.com, Inc., erroneously sued as Amazon, Inc., will move the above-entitled Court, the Honorable Fernando L. Aenlle-Rocha, United States District Judge presiding, for an Order (1) bifurcating discovery by providing for a first phase of discovery as to the copyright extrinsic test for substantial similarity in protected expression, with all other discovery stayed pending further order of the Court, or, in the alternative, (2) setting early expert disclosure and discovery deadlines as to the extrinsic test, and, in either event, (3) permitting Defendants to file an early motion for summary judgment limited to the extrinsic test, without prejudice to Defendants filing, if the initial motion for summary judgment does not dispose of this case in its entirety, a second motion for summary judgment as to other issues after the close of discovery.

This Motion is brought pursuant to Federal Rules of Civil Procedure 1, 16, 26, and 42, and the Court's inherent authority to manage the actions before it and the Court's calendar and scheduling, and on the grounds that:

(1) In this action, Plaintiffs assert against Defendants claims for direct, contributory, and vicarious copyright infringement, based on the allegations that the musical composition *Call Out My Name* infringes a copyright that Plaintiffs claim in the musical composition "VIBEKING";

(2) Whether Plaintiffs are able to raise a genuine dispute that the two works are substantially similar under the extrinsic test is a distinct issue, separate from all other issues presented in this case, and if resolved

///

in Defendants' favor resolves the case in its entirety without any further discovery or proceedings;

(3) Plaintiffs' own allegations in their Complaint establish that the allegedly copied elements – namely, four notes in very different melodies, two commonplace chords, and other generic, unprotected musical "building blocks" – do not satisfy the extrinsic test;

(4) An early determination of whether Plaintiffs can satisfy the extrinsic test will avoid costly and time-consuming discovery as to other, separate issues, including, for example, Plaintiffs' creation and ownership of "VIBEKING," Plaintiffs' claim that defendants had access to "VIBEKING," and, as to each of the dozens of defendants Plaintiffs name in this action, his or its revenues, deductible expenses, and profits attributable to the claimed infringement, as well as each defendant's supposed direct, contributory, or vicarious liability;

(5) The early determination of whether Plaintiffs can satisfy the extrinsic test will further the interest of judicial economy, potentially avoid substantial, time-consuming, intrusive, and expensive discovery, will avoid prejudice to Defendants, and will not prejudice Plaintiffs, and is appropriate under Rules 1, 16, 26, and 42, and the Court's inherent authority, and, accordingly:

    (a) Discovery is properly bifurcated to provide for an initial, ninety-day phase of discovery limited to the extrinsic test with all other discovery stayed;

    (b) Alternatively, if the Court declines to bifurcate discovery it should order early expert disclosures and discovery as to the extrinsic test; and

    (c) In either event and in order to allow for an early determination of whether Plaintiffs can satisfy the extrinsic test,

| | |
|---|---|
| 1 | this is an appropriate case for the Court to permit an early summary |
| 2 | judgment motion limited to the extrinsic test, without prejudice to |
| 3 | a later summary judgment motion, if necessary, as to other issues. |

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and proposed Order, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motions.

These Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 24, 2022.

Dated: March 11, 2022

        /s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
ABEL TESFAYE, HAL LEONARD LLC, UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING, INC.,UNIVERSAL MUSIC CORP., MATTITUDE MUSIC LLC, HIPGNOSIS SONGS GROUP, LLC, APPLE INC., and AMAZON.COM, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, and my business address is 865 South Figueroa Street, 24th Floor, Los Angeles, CA 90017-2566. I am over the age of 18 and not a party to this action. On March 11, 2022, I e-mailed the foregoing document to the following counsel of record for plaintiffs in this action:

    Stephen M. Doniger, at stephen@donigerlawfirm.com

    Benjamin Firestone Tookey, at btookey@donigerlawfirm.com

    Christopher S Ghazarian, at info@chris.law

Executed on March 11, 2022 at Los Angeles, California. I declare under penalty of perjury that the above is true and correct.

                                                  /s/ Peter Anderson