1  Peter Anderson, Esq., Cal. Bar No. 88891
        peteranderson@dwt.com
2  Sean M. Sullivan, Esq., Cal. Bar No. 229104
        seansullivan@dwt.com
3  Eric H. Lamm, Esq., Cal. Bar No. 324153
        ericlamm@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5  Los Angeles, CA 90017-2566
   Tel: (213) 633-6800
6  Fax: (213) 633-6899

7  Attorneys for Defendants
   ABEL TESFAYE, HAL LEONARD LLC,
8  UNIVERSAL MUSIC GROUP, INC.,
   UNIVERSAL MUSIC PUBLISHING, INC.,
9  UNIVERSAL MUSIC CORP., MATTITUDE
   MUSIC LLC, APPLE INC., HIPGNOSIS SONGS
10 GROUP, LLC, and AMAZON.COM, INC.

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13                     **WESTERN DIVISION**

| | |
|---|---|
| 14  NEIL FOX PAREKH pka SUNIEL FOX, an individual; and SHYHI HENRY HSAIO pka HENRY STRANGE, an individual; | Case No. 2:21-cv-07488-FLA-KESx |
| | |
| | DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER (1) BIFURCATING DISCOVERY OR, ALTERNATIVELY, (2) SETTING EARLY EXPERT DISCLOSURE AND DISCOVERY DATES AS TO THE EXTRINSIC TEST, AND (3) PERMITTING EARLY SUMMARY JUDGMENT MOTION AS TO THE EXTRINSIC TEST |
|            Plaintiffs, | |
|      v. | |
| ABEL MAKKONEN TESFAYE pka THE WEEKND, an individual; ADAM KING FEENEY pka FRANK DUKES, an individual; NICOLAS ALFREDO JAAR pka A.A.L., AGAINST ALL LOGIC, and/or NICO, an individual; THE WEEKND XO, LLC; THE WEEKND XO US LLC; THE WEEKND XO, INC.; THE WEEKND XO MUSIC, ULC; XO&CO., INC.; UNIVERSAL MUSIC CORPORATION; UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL | Date:  April 8, 2022 Time: 1:30 p.m.   Courtroom of the Honorable Fernando L. Aenlle-Rocha United States District Judge |
|      [Continued next page] | |

MUSIC PUBLISHING, INC.,
individually and dba UNIVERSAL
MUSIC PUBLISHING GROUP; UMG
RECORDINGS, INC.; REPUBLIC
RECORDS, INC.; XO RECORDS
LLC; KOBALT MUSIC PUBLISHING
AMERICA, INC.; AMERICAN
MUSIC RIGHTS ASSOCIATION,
INC.; SONGS MUSIC PUBLISHING,
LLC; NYAN KING MUSIC, INC.;
MATTITUDE MUSIC, LLC;
PEERMUSIC LTD.; PEERMUSIC III,
LTD.; SONY MUSIC PUBLISHING
LLC; EMI CONSORTIUM MUSIC
PUBLISHING, LTD; HAL LEONARD
LLC; HIPGNOSIS SONGS GROUP,
LLC; BROADCAST MUSIC, INC.;
ASCAP ENTERPRISES LLC;
YOUTUBE ENTERTAINMENT
STUDIOS, INC.; APPLE INC.,
individually and dba APPLE MUSIC;
AMAZON, INC., individually and dba
AMAZON MUSIC; VIMEO.COM,
INC.; SPOTIFY USA, INC.; and DOES
1 through 10,

           Defendants.
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# **TABLE OF CONTENTS**

**Page**

REPLY MEMORANDUM OF POINTS AND AUTHORITIES ...............................1

1.   INTRODUCTION ....................................................................................1

2.   THE COURT SHOULD BIFURCATE DISCOVERY AS TO THE
     EXTRINSIC TEST............................................................................................3

   (a)   The Court Has Discretion to Bifurcate Discovery as to Any Issue,
         Including Elements of Liability ...............................................................3

   (b)   Bifurcation Serves the Interests of Judicial Economy and Efficiency
         and Avoids Prejudice ...............................................................................4

      (1)   The Extrinsic Test Is a Potentially Dispositive Issue ...................4

         i.   Plaintiffs Concede the Extrinsic Test Can Be Decided
              on Summary Judgment..........................................................4

         ii.   There Are Significant Reasons to Conclude Plaintiffs
               Will Be Unable to Satisfy the Extrinsic Test .....................5

      (2)   Plaintiffs Fail to Identify Any Factual or Legal Issues,
            Evidence, or Discovery that Overlap with the Extrinsic Test .......7

      (3)   Bifurcation Will Defer Extensive and Potentially Unnecessary
            Discovery ........................................................................................9

      (4)   Bifurcation Will Not Be Inefficient, Wasteful, or "Multiply
            the Proceedings" ...........................................................................10

      (5)   Plaintiffs Fail to Show Any Legitimate Prejudice from
            Bifurcation ....................................................................................11

         i.   Plaintiffs Can Meet the Proposed Disclosure and
              Discovery Dates for the Extrinsic Test ............................11

         ii.   Defendants Did Not "Concede That Bifurcation Will
               Delay Proceedings by at Least Three Months".................12

i

|  | iii. | Bifurcation Will Not Give Defendants "Two Bites at the Apple," "Force Plaintiffs to Take the Case to Trial," or "Contravene the Court's Standing Order" .........................13 |

(c)    Good Cause Exists to Grant Defendants' Alternative Relief ...............14

3.    CONCLUSION ...................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Cases**

4

*Advertise.com, Inc. v. AOL, LLC*, No. CV 09–5983,
    2011 WL 13186156 (C.D. Cal. Aug. 15, 2011) ......................................................3

5

6

*Bassil v. Webster*, 220CV05099SBPDX,
    2021 WL 1235258 (C.D. Cal. Jan. 15, 2021)...................................................8, 10

7

8

*Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No.
    112CV01310LJOSKO,
    2016 WL 5870117 (E.D. Cal. Oct. 6, 2016) .........................................................12

9

10

*Benay v. Warner Bros. Entm't*,
    607 F.3d 620 (9th Cir. 2010), *overruled on other grounds by*
    *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)...................................8

11

12

*Butzberger v. Novartis Pharma. Corp.*, No. 08-81287CIV,
    2009 WL 10700433 (S.D. Fl. June 24, 2009) .......................................................4

13

14

*Clover v. Tesfaye*, No. 20-55861,
    2021 WL 4705512 (9th Cir. Oct. 8, 2021) ............................................................6

15

16

*Craigslist Inc. v. 3Taps Inc.*,
    942 F. Supp. 2d 962 (N.D. Cal. 2013)............................................................9, 10

17

18

*Ellingson Timber Co. v. Great N. Ry. Co.*,
    424 F.2d 497 (9th Cir. 1970) .............................................................................3, 9

19

20

*Exxon Co. v. Sofec Inc.*,
    54 F.3d 570 (9th Cir. 1995) .....................................................................................4

21

22

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991) ................................................................................................9

23

24

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
    462 F.3d (9th Cir. 2006) .........................................................................................8

25

26

*Giglio v. Monsanto Co.*, No. 15-cv-2279,
    2016 WL 4098285 (S.D. Cal. 2016).......................................................................4

27

28

*Granite Music Corp. v. United Artists Corp.*,
    532 F.2d 718 (9th Cir. 1978) ..................................................................................6

*Gray v. Hudson*, No. 20-55401,
    2022 WL 711246 (9th Cir., Mar. 10, 2022) ........................................5, 6

*In re Bendectin Litig.*,
    857 F.2d 290 (6th Cir. 1988) ...................................................................3

*In re Paris Air Crash*,
    69 F.R.D. 310 (C.D. Cal. 1975)............................................................1, 3

*Jinro Am. Inc. v. Secure Investments, Inc.*,
    266 F.3d 993 (9th Cir. 2001) ...................................................................4

*Johannsongs-Pub. Ltd. v. Loveland*, No. CV 18-1009,
    2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), *aff'd*, No. 20-55552,
    2021 WL 5564626 (9th Cir. Nov. 29, 2021) ........................................6, 8

*Johannsongs-Publ'g, Ltd. v. Lovland*, No. 20-55552,
    2021 WL 5564626 (9th Cir. Nov. 29, 2021) ...........................................5

*Johnson v. Tuff N Rumble Mgmt., Inc.*, No. Civ. A 99-1374,
    2000 WL 690287 (E.D. La. May 26, 2000) ............................................12

*Lutron Elec. Co., Inc. v. Crestron Elec., Inc.*, No. 09–cv–00707,
    2013 WL 2099739 (D. Ut., May. 14, 2013) .............................................8

*McDonald v. West*,
    138 F. Supp. 3d 448 (S.D.N.Y. 2015) .....................................................6

*Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C 08-04990,
    2012 WL 1142537 (N.D. Cal. Mar. 29, 2012) .........................................7

*Moreno v. NBCUniversal Media, LLC*, No. CV13-1038,
    2013 WL 12123988 (C.D. Cal. Sept. 30, 2013)..............................2, 7, 10

*Reed v. AutoNation, Inc.*, No. CV1608916,
    2017 WL 6940519 (C.D. Cal. Apr. 20, 2017)...........................10, 11, 14

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by*
    *Skidmore*, 952 F.3d 1051 ........................................................................8

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ......................................................5, 6, 13

iv

*Smith v. Alyeska Pipeline Serv. Co.*,
    538 F. Supp. 977 (D. Del. 1982) ...............................................................4

*Wixen Music Pub., Inc. v. Triller Inc.*, No. 20-cv-10515,
    2021 WL 4816627 (C.D. Cal. Aug. 11, 2021) ........................3, 4, 11, 12

*Yeasayer, LLC v. Tesfaye*, U.S.D.C. Case No. 1:20-cv-01608-LGS
    (S.D.N.Y.)...................................................................................................5, 6

*Zahedi v. Miramax*, No. CV 20-4512,
    2021 WL 3260603 (C.D. Cal., Mar. 24, 2021) ........................................3

**Rules**

California Local Rule 7-3 ................................................................................11

Federal Rule of Civil Procedure
    26(f) ............................................................................................................12
    42(b).........................................................................................................3, 4
    56(a).............................................................................................................13

**Other Authorities**

Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2387 (3d ed.)......................3

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiffs fail to identify a single legitimate reason not to grant Defendants' Motion and bifurcate discovery into (1) an initial phase to address whether Plaintiffs can meet the extrinsic test as a matter of law (with discovery as to remaining issues of liability and damages stayed) and (2) if necessary, a second phase to determine remaining issues of liability and damages.

*First*, Plaintiffs concede that the extrinsic test can be decided on summary judgment and is potentially dispositive of this *entire action*, which is one factor (among many) favoring bifurcation.  Furthermore, other than briefly mentioning the selection and arrangement doctrine—without explaining why it applies (it does not)—Plaintiffs fail to show how they could meet the extrinsic test here.  Plaintiffs' Opposition thus shows that there is a real chance this case will be resolved at the first phase of discovery and therefore that bifurcation will save resources and time.

*Second*, the extrinsic test is discrete and separable because the relevant issues, and the two expert reports and expert testimony needed to decide them, do not overlap with or duplicate others in this case in a way that could cause inefficiencies, inconvenience, or prejudice.  Plaintiffs' argument that individual elements of liability cannot be separable is directly contrary to law: bifurcation can be ordered as to "any kind of issue in any kind of case." *In re Paris Air Crash*, 69 F.R.D. 310, 320 (C.D. Cal. 1975).

*Third*, bifurcation will further serve the interests of economy and efficiency, and avoid prejudice, because engaging in significant, intrusive, and burdensome discovery as to all issues if Plaintiffs cannot even meet the extrinsic test would be a complete waste of the Court's, Defendants', and even the Plaintiffs' time and resources.  Plaintiffs' attempts to write off these considerations as "speculative" are sophistical.  Opp. (Doc. 56) at 3.  Defendants are not required to show that Plaintiffs are *guaranteed* to fail on the extrinsic test.  Rather, courts ask whether there is a

"chance that separation will lead to economy in discovery" and that chance exists here. *Moreno v. NBCUniversal Media, LLC*, No. CV13-1038, 2013 WL 12123988 at *2 (C.D. Cal. Sept. 30, 2013). In any event, bifurcation indisputably will *defer* possibly unnecessary discovery, and that is a permissible reason to order bifurcation. On the other hand, Plaintiffs' claim that a single phase of discovery is more efficient depends on the false premise that Defendants are seeking to adjudicate one issue multiple times: Plaintiffs have not identified any overlapping issues, and Defendants are merely requesting that otherwise necessary discovery on the extrinsic test proceed first.

*Finally*, Plaintiffs' arguments regarding prejudice are misguided. Defendants ***never conceded that bifurcation will cause any delay***. Defendants have proposed the same trial date with bifurcation as Plaintiffs have without. But even a speculative delay of a few months does not outweigh the other considerations above. Moreover, Plaintiffs do not dispute that they already have their musicologist and they can meet the proposed early dates for experts disclosure and discovery as to the extrinsic test.

Furthermore, Plaintiffs cannot seriously claim to be prejudiced by the possibility that if Defendants "move for summary judgment in the first phase and this Court finds a triable issue . . . this Court's finding would . . . force [Plaintiffs] to take [their] case to and through trial." Opp. at 4, 18. Nor does the possibility that Plaintiffs might succeed on the extrinsic test but lose on a different element equate to giving Defendants "multiple bites at the apple." That possibility exists even if bifurcation were denied because Plaintiffs bear the burden of proof on all elements of their claims.

Lastly, nothing about Defendants' requested relief, or Defendants' alternative relief, violates this Court's Standing Order. That order permits multiple summary judgment motions for good cause on noticed motion and that is exactly what Defendants have sought and shown is appropriate here. Defendants' Motion should accordingly be granted.

///

///

2

## 2.    THE COURT SHOULD BIFURCATE DISCOVERY AS TO THE EXTRINSIC TEST

### (a)    The Court Has Discretion to Bifurcate Discovery as to Any Issue, Including Elements of Liability

Plaintiffs cannot dispute that the Court has "broad discretion" under Rule 42(b) to bifurcate proceedings as to the extrinsic test and to stay discovery on remaining issues.[1] *Wixen Music Pub., Inc. v. Triller Inc.*, No. 20-cv-10515, 2021 WL 4816627 at *1, *4 (C.D. Cal. Aug. 11, 2021); *Ellingson Timber Co. v. Great N. Ry. Co.,* 424 F.2d 497, 499 (9th Cir. 1970).

Plaintiffs nevertheless seek to hobble this discretion by claiming that "elements within a claim of liability" are not "issues considered 'separable' for bifurcation purposes." Opp. at 3, 7. Not so: Federal Rule of Civil Procedure 42(b) allows the Court "discretion[] to grant a separate trial *of any kind of issue in any kind of case*." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2387 (3d ed.) (emphasis added); *In re Bendectin Litig.*, 857 F.2d 290, 308 (6th Cir. 1988); *Paris Air Crash*, 69 F.R.D. at 320.

In fact, courts often bifurcate elements of a claim of liability where, as the extrinsic test is here, they are otherwise separable under the facts of the case. *See, e.g.*, *Zahedi v. Miramax*, No. CV 20-4512, 2021 WL 3260603 at *2 (C.D. Cal., Mar. 24, 2021) (bifurcating discovery into initial phase to determine copyright ownership, one element of copyright infringement, from "remaining issues of liability and damages"); Advertise.*com, Inc. v. AOL, LLC*, No. CV 09–5983, 2011 WL 13186156 at *3 (C.D. Cal. Aug. 15, 2011) (bifurcating trademark validity, one

---

[1]    Plaintiffs falsely accuse Defendants of failing to address whether good cause exists to stay discovery. Opp. at 19-20. Good cause exists for the reasons that support bifurcating discovery because "staying discovery on [remaining issues] is appropriate and necessary in order to effectuate the reason for [bifurcation]." *Wixen*, 2021 WL 4816627, at *4. And a stay is particularly necessary to avoid prejudice caused by forcing Defendants to undertake costly and potentially unnecessary discovery before the extrinsic similarity issue is decided. *See, e.g.*, Mot. at 21-22.

element of trademark infringement); *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001) (bifurcating contract formation element of breach of contract). Even complex, fact- and expert-intensive elements like *causation* can be "threshold issue[s]" for purposes of bifurcation where they are otherwise separable. *Giglio v. Monsanto Co.*, No. 15-cv-2279, 2016 WL 4098285, at *2 (S.D. Cal. 2016) (causation element was a "threshold issue on which all of plaintiff's claims rest"); *Butzberger v. Novartis Pharma. Corp.*, No. 08-81287CIV, 2009 WL 10700433, at *1 (S.D. Fl. June 24, 2009) (similar); *see also Exxon Co. v. Sofec Inc.*, 54 F.3d 570, 575 (9th Cir. 1995) (bifurcating negligence trial on issue of whether, assuming failure of mooring system was cause in fact of plaintiffs' boat crash, failure was proximate cause).

Thus, that Defendants seek to bifurcate an element of liability is neither here nor there. Bifurcation is granted "on a case-by-case basis" after consideration of factors including judicial economy, convenience, and potential prejudice. *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982 (D. Del. 1982); *see* Fed. R. Civ. P. 42(b). Those factors favor bifurcation here.

**(b)** **Bifurcation Serves the Interests of Judicial Economy and Efficiency and Avoids Prejudice**

**(1)** **The Extrinsic Test Is a Potentially Dispositive Issue**

**i.** **Plaintiffs Concede the Extrinsic Test Can Be Decided on Summary Judgment**

One consideration that favors bifurcation and dealing first with the extrinsic test —but by no means the only consideration—is that the extrinsic test can potentially decide *this entire case* on summary judgment. *Wixen*, 2021 WL 4816627 at *2 ("Bifurcation is particularly appropriate when resolution of a single . . . issue could be dispositive of the entire case.") (citation omitted).

Defendants showed that the extrinsic test is an essential element of all of Plaintiffs' claims and can be decided on summary judgment, even in musical

composition cases involving conflicting expert reports. *See* Mot. (Doc. 51-1) at 6-9. Plaintiffs concede these points, and while they argue that "extrinsic similarity is not 'often' decided on summary judgment" (Opp. at 9), the Court of Appeals disagrees. *Gray v. Hudson*, No. 20-55401, 2022 WL 711246 at \*5 (9th Cir., Mar. 10, 2022) ("the extrinsic test is objective and is often resolved as a matter of law . . . summary judgment is often granted on this issue").

ii.   **There Are Significant Reasons to Conclude Plaintiffs Will Be Unable to Satisfy the Extrinsic Test**

Plaintiffs note that "[s]ummary judgment is not highly favored on questions of substantial similarity . . . [w]here reasonable minds could differ" ((Opp. at 9) (quotation marks and citations omitted)), but Plaintiffs have not provided any reason to believe that reasonable minds could differ here.

Defendants showed that Plaintiffs' claimed similarities are "common or trite musical elements" or "non-protectible musical building blocks." *Gray*, 2022 WL 711246, at \*6 (quoting *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020)); *see* Mot. at 11-12. Plaintiffs do not dispute that.

Instead, Plaintiffs first argue that "[a]ccess is beyond reasonable dispute." Opp. at 7. But *Skidmore*, in abandoning the inverse ratio rule, held that "[a]ccess . . . in no way can prove substantial similarity." *Skidmore*, 952 F.3d at 1069; *see* Mot. at 6-8. Plaintiffs argue that *Skidmore*'s abandonment of the inverse ratio rule is irrelevant because that rule was not applied in other Circuits and those Courts have not bifurcated discovery "to separate extrinsic similarity…." Opp. at 12. That, of course, does not change that access is irrelevant to substantial similarity. Further, Plaintiffs ignore that other Circuits do not apply the extrinsic test. *See, e.g., Johannsongs-Publ'g, Ltd. v. Lovland*, No. 20-55552, 2021 WL 5564626, at \*1 (9th Cir. Nov. 29, 2021) (rejecting request that panel apply Second Circuit's "ordinary observer" test in lieu of Ninth Circuit extrinsic/intrinsic test).

///

5

Moreover, Plaintiffs do themselves no good by—apparently in an effort to taint Mr. Tesfaye as "a frequent copyright defendant"—citing the Court to *Yeasayer, LLC et al. v. Tesfaye et al.,* 1:20-cv-01608.  <u>Opp. at 1-2 n.2</u>.  <u>What Plaintiffs omit is that their counsel, Doniger & Burroughs, filed that case in the Southern District of New York; that the District Court ordered early expert disclosures as to the plaintiffs' sound recording copyright claim; and that the order requiring early expert disclosures led to the plaintiffs confirming that "no copyright infringement occurred" and dismissing the case with prejudice.</u>  *See, Yeasayer, LLC v. Tesfaye*, U.S.D.C. Case No. 1:20-cv-01608-LGS (S.D.N.Y.) (Civil Case management Plan and Scheduling Order (<u>Doc. 37</u>) at 2, 3, and Stipulation of Dismissal with Prejudice (<u>Doc. 44</u>) (Dismissing case without any payment after Plaintiffs "confirmed to their satisfaction that no copyright infringement occurred")).[2]

Plaintiffs also argue that they may claim the allegedly similar unprotected elements are an original selection and arrangement.  <u>Opp. at 8</u>.  However, *Skidmore* also clarified that a selection and arrangement claim requires, *inter alia*, that the "works share, in substantial amounts, the 'particular,' *i.e.*, the 'same,' combination of unprotectible elements" that "cohere to form a holistic musical design" that is a "*new* combination" and "*novel* arrangement."  <u>*Skidmore*, 952 F.3d at 1075</u>.  Plaintiffs cannot satisfy those requirements.  *See, e.g.,* <u>Mot. at 10-11</u>, <u>11-16</u> (identifying examples of differences between *Vibeking* and *Call Out My Name* and of prior art with same claimed similar elements);[3] *see also, e.g.,* <u>*McDonald v. West*, 138 F. Supp. 3d</u>

---

[2]   That Mr. Tesfaye has been sued before is indicative of his success, not any merit to the claims asserted.  *See, e.g.,* <u>*Clover v. Tesfaye*, No. 20-55861, 2021 WL 4705512 (9th Cir. Oct. 8, 2021)</u> (affirming grant of summary judgment to the Weeknd and the other defendants); *see above* at 5-6 regarding the dropped *Yeasayer* claim.

[3]   Perhaps because of how much prior art exists in this case, Plaintiffs argue prior art is a patent concept that should not be considered in copyright infringement cases.  <u>Opp. at 6-7 n.6</u>.  Once again, the Court of Appeals disagrees.  *See, e.g.,* <u>*Skidmore*, 952 F.3d at 1071</u> (The rule that "any element from prior works . . . [is] not considered original parts and not protected by copyright" is "black-letter law."); *accord* <u>*Gray,*</u>

1    448, 460 (S.D.N.Y. 2015) (dismissing infringement claim for lack of similarity despite

2    alleged combination of "shuffle beat, shuffle percussion, a slow tempo, the absence

3    of a pronounced bass line, combined with the melodic phrasing, [and] theme").

4         Of course, Defendants do not expect the Court to decide these issues now.  But,

5    Plaintiffs' failure to show how they can overcome that their claimed similarities are

6    unprotectable as a matter of law confirms the existence of a potentially dispositive

7    issue and that there is a good "chance that separation will lead to economy in

8    discovery."[4]  Moreno, 2013 WL 12123988 at *2 (citation omitted).

9              **(2)    Plaintiffs Fail to Identify Any Factual or Legal Issues,**

10                    **Evidence, or Discovery that Overlap with the Extrinsic Test**

11        Another factor favoring bifurcation is that the "legal and factual issues . . . and

12   evidence" relevant to the extrinsic test "are distinct and separable" from those relevant

13   to other issues in the case, so that bifurcation will not cause overlap or duplication of

14   discovery.  Moreno, 2013 WL 12123988 at *2, 3; see Mot. at 16-17, 19-21.

15        Plaintiffs simply proclaim that "because extrinsic similarity is not truly

16   'separable' . . . there will necessarily be 'overlapping discovery.'"  Opp. at 14.  But

17   Defendants have demonstrated that the issues and evidence relevant to both phases do

18   not overlap.  See Mot. at 16-21.  In response, Plaintiffs fail to actually identify any

19   _____

20   2022 WL 711246, at *8; Granite Music Corp. v. United Artists Corp., 532 F.2d 718,
     720 (9th Cir. 1978); see also Johannsongs-Pub. Ltd. v. Loveland, No. CV 18-1009,

21   2020 WL 2315805, at *5 (C.D. Cal. Apr. 3, 2020) (holding expert report inadmissible
     for failing to consider prior art), aff'd No. 20-55552, 2021 WL 5564626 (9th Cir. Nov.

22   29, 2021).  Indeed, several years before Plaintiffs created Vibeking Mr. Tesfaye had
     already released songs that include the four-note sequence in a minor key that

23   Plaintiffs claim he copied from them.  See Mot. at 15-16.

24   [4]    In arguing that the merits are not relevant here, Plaintiffs rely on cases holding

25   that merits arguments are not sufficient to warrant bifurcation.  Opp. at 6 (citing, inter
     alia, Mformation Techs., Inc. v. Rsch. in Motion Ltd., No. C 08-04990, 2012 WL

26   1142537, at *7 n.32 (N.D. Cal. Mar. 29, 2012)).  These cases are inapposite because

27   Plaintiffs' failure to demonstrate how they intend to overcome summary judgment is
     only one reason among many to order bifurcation.

28

factual or legal issues or evidence that would result in overlapping discovery.[5]  *See Bassil v. Webster, 220CV05099SBPDX, 2021 WL 1235258 at \*2 (C.D. Cal. Jan. 15, 2021)*  (granting bifurcation where plaintiffs "do not explain" how evidence in one phase will be duplicative of evidence in another phase and therefore "have not shown that this is an exceptional case of overlap.").

Plaintiffs argue that the extrinsic test is not separable from the issue of whether works share similarities probative of copying.  They argue that probative similarity must be decided first (Opp. at 12), but there is no such rule.  To the contrary, because the extrinsic test's relevant similarities are narrower than those of probative similarity, if anything, the extrinsic test is properly decided first.

That is so because the extrinsic test goes to the element of unlawful appropriation and, as a result, its relevant similarities "must involve protected elements of the plaintiff's work."  *Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018), overruled on other grounds by Skidmore, 952 F.3d 1051.*  Probative similarity, on the other hand, goes to the question of whether copying even occurred and, as a result, its relevant similarities are broader because they "need not involve protected elements of the plaintiff's works."  *Rentmeester, 883 F.3d at 1117.*  For example, titles are not protected by copyright and, accordingly, are not similarities under the extrinsic test, but that two works have the same title may be probative of copying.  *Benay v. Warner Bros. Entm't, 607 F.3d 620, 628 (9th Cir. 2010), overruled on other grounds by Skidmore, 952 F.3d 1051.*  Because the extrinsic test focuses only on protected expression, it is narrower and courts often grant summary judgment on the extrinsic test without deciding whether copying *in fact* occurred.  *See, e.g., Funky*

---

[5]    In fact, Plaintiffs' own authorities show that, since separability is merely a factor for the Court to consider, the Court can order bifurcation even if there were overlapping factual evidence or witnesses.  *Lutron Elec. Co., Inc. v. Crestron Elec., Inc., No. 09–cv–00707, 2013 WL 2099739, at \*1 (D. Ut., May. 14, 2013)* (bifurcating claims despite overlapping fact witnesses).

1  *Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d at 1081-82 (9th Cir. 2006);

2  *Benay*, 607 F.3d at 629; *Johannsongs-Pub.*, 2020 WL 2315805 at *4.

3       Plaintiffs fail to recognize that the extrinsic test is distinct and narrower than

4  the question of probative similarity.  Plaintiffs also fail to identify any probative

5  similarities in unprotected expression beyond their claimed similarities in music.

6  Plainly, the works have different titles, and probative similarities such as false entries

7  in directories would not apply here.  *See, e.g.,* *Feist Publ'ns, Inc. v. Rural Tel. Serv.*

8  *Co.*, 499 U.S. 340, 344 (1991) (appearance of four fictitious listings in telephone

9  directory was evidence of copying).  Plaintiffs have not identified anything that would

10  need to be decided twice or would necessitate multiple depositions of the same

11  witnesses or duplicate written discovery.  Plaintiffs' reliance on similarities probative

12  of copying is unsubstantiated and a red herring.

13       The extrinsic test is narrow and distinct, which favors bifurcation.

14       **(3)**    **Bifurcation Will Defer Extensive and Potentially Unnecessary**

15            **Discovery**

16       Perhaps the most obvious reason to bifurcate the extrinsic test and stay

17  discovery on other issues is that the extrinsic test can be decided merely on the basis

18  of the works and the two musicologists' reports and testimony, whereas Defendants

19  have shown in detail that discovery as to other issues will be exceptionally time-

20  consuming, expensive, and intrusive.  *See* Mot. at 17-21.  Thus, all fact and other

21  expert discovery in this case will have been pointless if the Court finds that Plaintiffs

22  cannot meet the extrinsic test.  This factor clearly weighs in favor of bifurcation.  *See*

23  *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013) ("One

24  permissible reason to bifurcate is to defer costly discovery . . . until [a] potentially

25  dispositive issue has been resolved.") (citing *Ellingson*, 424 F.2d at 499).

26       Plaintiffs argue that the possibility of avoiding all of this wasteful discovery is

27  nevertheless not a legitimate reason to bifurcate because it is "speculative" whether

28  the extrinsic test will be "outcome []determinative." Opp. at 3, 14-15 ("the *possibility*

that bifurcation may result in eliminating [the case] does not equate to conserving resources.").  But it is a certainty, not speculation, that bifurcation will "***defer*** costly discovery."  *Craigslist Inc.*, 942 F. Supp. 2d at 982 (emphasis added).  In any event, the appropriate consideration is whether there is a "*chance* that separation will lead to economy in discovery," not whether Defendants are guaranteed to win the case at the end of the first phase.  *Moreno*, 2013 WL 12123988 at *2 (emphasis added; citations omitted); *Craigslist*, 942 F. Supp. 2d at 982 ("the *likelihood* of streamlining discovery for and adjudication of the antitrust counterclaims . . . warrants bifurcation") (emphasis added); *Bassil*, 2021 WL 1235258 at *3 ("Bifurcation would enable Defendants to move for summary judgment before the parties engage in onerous damages discovery . . . . If the motion is granted, bifurcation would have benefitted everyone").  And Defendants have shown that this chance exists here.

Acknowledging the heavy burden of discovery as to remedies, Plaintiffs suggest bifurcating damages.  Opp. at 15.  Plaintiffs claim, without support, that discovery into access will not be burdensome.  Yet, Plaintiffs implicitly concede that, at the very least, discovery as to access will include depositions of multiple "percipient fact witnesses." *Id.*  Further, the non-extrinsic test liability issues are not limited to access and include, for example, the facts relevant to Plaintiffs' claims that each defendant is directly, vicariously, and contributorily liable for the alleged copyright infringement. *See* Mot. at 19.

Bifurcation ensures that the time, effort, expense, and burden of that discovery is deferred and ultimately borne only if Plaintiffs can establish substantial similarity under the extrinsic test.

### (4)   Bifurcation Will Not Be Inefficient, Wasteful, or "Multiply the Proceedings"

While Plaintiffs do not seriously dispute that bifurcation would spare the parties and the Court significant resources and time if Defendants' initial summary judgment
///

motion is granted, Plaintiffs also fail to show why "efficiency and expediency are best served" by denying bifurcation.  Opp. at 13.

Plaintiffs' argument here is that "adjudicating one issue multiple times 'would result in substantial redundancy – counter to the goal of judicial economy.'"  Opp. at 14 (citing *Reed v. AutoNation, Inc.*, No. CV1608916, 2017 WL 6940519 at *7 (C.D. Cal. Apr. 20, 2017)).  But Defendants are not seeking to adjudicate one issue multiple times; Defendants have already demonstrated that there are no factual, legal, or evidentiary issues overlapping between the two phases, and Plaintiffs have not identified any either.  *See* Mot. at 16-21; Opp. at 10-15.  For similar reasons, bifurcation will not "multiply the proceedings" or "result in twice as many conflicts," as Plaintiffs baselessly claim (Opp. at 18), but will simply result in "initial discovery that may foreclose later discovery proceed[ing] first."  *Wixen*, 2021 WL 4816627 at *1 (granting bifurcation of discovery and dispositive motions into initial phase to determine standing and ownership issues and second phase for remaining liability issues and damages; no showing of overlapping discovery); *cf. Reed*, 2017 WL 6940519 at *7 (bifurcation of standing denied; standing turned on whether plaintiff was required to comply with defendant's insurance policies and liability turned on content of the policies, causing "overlapping discovery").  Plaintiffs have thus failed to show that bifurcation would be inefficient, let alone that it would be so inefficient as to outweigh the efficiencies of deferring substantial discovery until necessary, and quite possibly preventing it entirely.

**(5)    Plaintiffs Fail to Show Any Legitimate Prejudice from Bifurcation**

> **i.    Plaintiffs Can Meet the Proposed Disclosure and Discovery Dates for the Extrinsic Test**

Plaintiffs do not dispute that they, like Defendants, already have retained a musicologist.  Mot. at 2.  Plaintiffs have known since the February 24, 2022, Local Rule 7-3 pre-filing conference that Defendants propose early expert disclosures

beginning April 22, 2022, and that also is reflected in the proposed Order that Defendants submitted with the Motion to Bifurcate. *See* [*proposed*] Order (Doc. 51-2) at 1.  Plaintiffs do not claim to be unable to meet the proposed dates.

### ii. Defendants Did Not "Concede That Bifurcation Will Delay Proceedings by at Least Three Months"

As the Motion makes clear, bifurcation will not cause Plaintiffs to suffer any undue prejudice, including any appreciable delay. *See* Mot. at 21-23.

Plaintiffs misread Defendants' Motion in claiming that Defendants "conced[ed] that the proposed bifurcation will delay proceedings by at least three months." Opp. at 16.  Defendants stated that the first phase of discovery can be completed in 90 days, and since bifurcation "will merely rearrange the sequence of discovery" (Mot. at 22), that means discovery in the second phase will be completed in 90 fewer days.  In fact, the parties' Joint Rule 26(f) Report demonstrates that Defendants have proposed the same trial date with bifurcation as Plaintiffs have without.  *See* Jt. R. 26(f) Report (Doc. 58) at 18, Ex. C (Doc 58-3).

But even if bifurcation would result in a delay of three months (or even six months, *see* Opp. at 15), such a comparatively minor delay does not outweigh the potentially massive waste of time and money caused by adjudicating the extrinsic test after the close of fact discovery.  *Wixen*, 2021 WL 4816627 at *4 (prejudice of "some delay" is outweighed by "forcing defendants to proceed with costly discovery"); *cf. Johnson v. Tuff N Rumble Mgmt., Inc.*, No. Civ. A 99-1374, 2000 WL 690287 at *2 (E.D. La. May 26, 2000) (holding "uncertainty" in obtaining "some economy in cost of discovery" does not outweigh "considerable delay" caused by bifurcation); *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 112CV01310LJOSKO, 2016 WL 5870117 at *4 (E.D. Cal. Oct. 6, 2016) (delay of *one year* weighed against bifurcating case that was "already plagued with delays").

And Plaintiffs' purported concern that delay will result in spoliation and forgetful witnesses is belied by the facts of this case.  Opp. at 15.  Plaintiffs delayed

12

filing this lawsuit until ***three and a half years*** after *Call Out My Name* was released and still have not served all defendants.  *See* Compl. at 15, ¶ 54.  Plaintiffs have thus failed to identify any nonspeculative delay sufficient to warrant denying bifurcation.

iii.   **Bifurcation Will Not Give Defendants "Two Bites at the Apple," "Force Plaintiffs to Take the Case to Trial," or "Contravene the Court's Standing Order"**

According to Plaintiffs, the aspect of bifurcation that will cause them the "most undue prejudice" is that summary judgment briefing would be divided into two discrete phases on separate issues.  Opp. at 18.   Yet none of the purported negative consequences Plaintiffs advance are legitimate considerations.

First, Plaintiffs complain that Defendants will get "multiple bites at the apple," or a "mulligan on liability," because the Court might find a triable issue of fact as to the extrinsic test, then grant summary judgment for Defendants as to a different element of liability after the second phase.  Opp. at 14, 18.  But the Court might reach that result on a single summary judgment motion, too—this purported "prejudice" is nothing more than the burden Plaintiffs bear to prove the elements of their claim.  *See Skidmore*, 952 F.3d at 1064 (plaintiff must prove elements of infringement).  And for obvious reasons, it is not prejudicial that if the Court "finds a triable issue" as to the extrinsic test, Plaintiffs will have "to take [their] case to and through trial."  Opp. at 4.

Second, Plaintiffs claim bifurcation will deprive them of the right to seek summary judgment.  Opp. at 4, 18.   While Plaintiffs offer nothing to suggest they would have a viable motion for summary judgment as to liability, they can, pursuant to the Rules of Civil Procedure and this Court's Standing Order, seek to have summary judgment granted in their favor.  *See* Fed. R. Civ. P. 56(a) (A party may move for summary judgment on a "part" of a claim); Standing Order (Doc. 10) at 8 (explaining that cross-motions are not allowed but that, "when appropriate . . . the Court may sua sponte enter summary judgment in favor of the nonmoving party").

///

1    Third, Plaintiffs claim prejudice because multiple summary judgment motions
2    will result in "double the pages, which contravenes the Court's Standing Order." Opp.
3    at 18. While Plaintiffs are speculating as to the length of Defendants' summary
4    judgment memoranda, even if the combined pages of Defendants' briefs exceed
5    twenty-five, that would hardly be prejudicial—Plaintiffs will also receive double the
6    pages. And additional briefing is certainly not so prejudicial as to outweigh the
7    prejudice of forcing dozens of defendants to endure unnecessary discovery. Finally,
8    nothing about Defendants' Motion contravenes the Court's Standing Order, which
9    permits more than one summary judgment motion where "good cause exists."
10   Standing Order (Doc. 10) at 8). Defendants expressly argued in this Motion that the
11   benefits of bifurcation establish good cause to permit more than one summary
12   judgment motion. *See* Mot. at 22-23.

13   Plaintiffs have accordingly failed to show any prejudice warranting denial of
14   bifurcation, and the Motion should be granted.

15   **(c)   Good Cause Exists to Grant Defendants' Alternative Relief**

16   Finally, Defendants raised as an alternative that if the Court declines to stay
17   discovery as to other issues pending a decision on the extrinsic test, the Court should
18   order early expert disclosures and expert discovery as to the extrinsic test and to permit
19   an additional summary judgment motion. Good cause is established because the
20   extrinsic test "is a threshold issue [that] *may* preclude a plaintiff's claim," *Reed*, 2017
21   WL 6940519 at *7 (emphasis added), and should not be deferred until the completion
22   of fact and other discovery. *See* Mot. at 23-24. Plaintiffs fault Defendants for not
23   seeking leave to file an early summary judgment motion without prejudice to a second,
24   if necessary (Opp. at 21), but that is *what this Motion seeks*. *See* Notice of Mot. (Doc.
25   51) at 1. In any event, Plaintiffs' failure to provide any good reason not to order
26   bifurcation moots the need for this alternative relief.

27   ///

28   ///

14

1

**3.**    **CONCLUSION**

2

For the foregoing reasons, this Court should grant Defendants' Motion in full.

3

4     Dated: March 25, 2022

_____/s/ Peter Anderson_____

5                                                                                     Peter Anderson, Esq.
                                                                                     Sean M. Sullivan, Esq.
6                                                                                     Eric H. Lamm, Esq.
                                                                                     DAVIS WRIGHT TREMAINE LLP
7                                                                                     Attorneys for Defendants
                                                                                     ABEL TESFAYE, HAL LEONARD LLC,
8                                                                                     UNIVERSAL MUSIC GROUP, INC.,
                                                                                     UNIVERSAL MUSIC PUBLISHING, INC.,
9                                                                                     UNIVERSAL MUSIC CORP.,
                                                                                     MATTITUDE MUSIC LLC, HIPGNOSIS
10                                                                                    SONGS GROUP, LLC, APPLE INC., and
                                                                                     AMAZON.COM, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15