1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   NEIL FOX PAREKH, et al.,                    Case No. 2:21-cv-07488-FLA (KESx)

12                           Plaintiffs,          **ORDER DENYING DEFENDANTS'**
                                                  **MOTION FOR ORDER**
13           v.                                   **(1) BIFURCATING DISCOVERY OR,**
                                                  **ALTERNATIVELY, (2) SETTING**
14                                                **EARLY EXPERT DISCLOSURE**
     ABEL MAKKONEN TESFAYE, et al.,               **AND DISCOVERY DATES AS TO**
15                                                **THE EXTRINSIC TEST, AND (3)**
                             Defendants.          **PERMITTING EARLY SUMMARY**
16                                                **JUDGMENT MOTION AS TO THE**
                                                  **EXTRINSIC TEST [DKT. 51]**
17

18

19

20

21

22

23                               <u>**RULING**</u>

24        Before the court is defendants Abel Makkonen Tesfaye (professionally known

25   as "The Weeknd"), Hal Leonard, LLC, Universal Music Group, Inc., Universal Music

26   Publishing, Inc., Universal Music Corp., Mattitude Music, LLC, Hipgnosis Songs

27   Group, LLC, Apple, Inc., and Amazon.com, Inc.'s (erroneously sued as "Amazon,

28

1   Inc.") (collectively, "Moving Defendants")[1] Motion for Order (1) Bifurcating

2   Discovery or, Alternatively, (2) Setting Early Expert Disclosure and Discovery Dates

3   as to the Extrinsic Test, and (3) Permitting Early Summary Judgment Motion as to the

4   Extrinsic Test ("Motion").  Dkt. 51 ("Mot.").  Plaintiffs Neil Fox Parekh and Shyhi

5   Henry Hsaio (collectively, "Plaintiffs") oppose the Motion.  Dkt. 56 ("Opp.").  The

6   court finds this matter appropriate for resolution without oral argument and vacates

7   the hearing set for April 8, 2022.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

8          For the reasons stated herein, the court DENIES the Motion.

9                              **BACKGROUND**

10         Plaintiffs are music composers and producers who bring this action for

11  copyright infringement and vicarious and/or contributory copyright infringement

12  against musical artist The Weeknd and others.  *See generally* Dkt. 1 ("Compl.").

13  Plaintiffs allege that The Weeknd's song *Call Out My Name* copied the original

14  elements of, and/or elements that are substantially similar to the original elements of,

15  Plaintiffs' copyrighted musical composition *VibeKing.*  Compl. ¶ 71.

16         On the present Motion, Moving Defendants request the court bifurcate

17  discovery into (1) an initial, 90-day phase of expert disclosures and discovery as to the

18  extrinsic test,[2] and allow an early summary judgment motion limited to whether

19

20  _____

21  [1] The parties' Joint Report pursuant to Fed. R. Civ. P. 26(f) notes Plaintiffs have not
    yet served defendants Adam King Feeney, Nicolas Alfredo Jaar, and Nyan King
22  Music, Inc.  Dkt. 58 at 2 n.2.

23  [2] A copyright infringement claim requires proof of (1) plaintiff's ownership of a valid
    copyright and (2) copying of protected aspects of the work.  *Skidmore v. Led Zeppelin*,
24  952 F.3d 1051, 1064 (9th Cir. 2020).  "The second prong of the infringement analysis
    contains two separate components: 'copying' and 'unlawful appropriation.'"  *Id.*
25  (citation omitted).  In the Ninth Circuit, unlawful appropriation is determined by a
    two-part test.  *Id.*  "The first part, the extrinsic test, compares the objective similarities
26  of specific expressive elements in the two works. … The second part, the intrinsic test,
27  'test[s] for similarity of expression from the standpoint of the ordinary reasonable
    observer, with no expert assistance.'"  *Id.* (citation omitted).
28

Plaintiffs satisfy the extrinsic test, and then, if necessary, (2) a subsequent phase of discovery and dispositive motion practice on the remaining liability issues and damages.  Mot. 1.  In the alternative, Moving Defendants request the court require early expert disclosures and discovery regarding the extrinsic test and permit Moving Defendants to file a summary judgment motion on that issue alone.  Mot. 23. Plaintiffs oppose the bifurcation of discovery except as to liability and damages.  Opp. 4.

## DISCUSSION

### I.    Legal Standard

Fed. R. Civ. P. 42(b) ("Rule 42(b)") gives the court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Under Rule 42(b), courts have the power not only to bifurcate issues for trial, but also to bifurcate discovery into segregated issues.  *See Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (noting "[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues").

"Motions to bifurcate are to be granted on a case-by-case basis only when the separation will result in judicial economy and will not unduly prejudice any party." *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 865 (C.D. Cal. 1994) (internal quotations and citation omitted).  "Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, … and avoid prejudice to the parties."  *Aoki v. Gilbert*, No. 2:11-cv-02797-TLN (CKD), 2015 WL 5734626, at *4 (E.D. Cal. Sept. 29, 2015).

The party seeking bifurcation bears the burden of proving that it is justified. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). "[B]ifurcation is the exception rather than the rule of normal trial procedure within the

Ninth Circuit." *Medtronic Minimed Inc. v. Animas Corp.*, No. 12-cv-04471-RSWL (RZx), 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013) (internal quotation and citation omitted). The decision whether to grant or deny a motion for bifurcation lies within the trial court's sound discretion and is subject to appellate reversal only for abuse of discretion. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985) (superseded by statute on other grounds).

## II.   Analysis

The court has considered the above factors and finds Moving Defendants have not met their burden to show bifurcation of discovery is justified here. Moving Defendants do not demonstrate why this action should proceed differently than other copyright infringement actions before the court, why more than one summary judgment motion is necessary, or the likelihood of genuine judicial economy. To the contrary, Moving Defendants' proposal is likely to strain judicial economy. Courts in this district are exceedingly busy with among the highest weighted filings per Judgeship in the nation. *See* JUDICIAL EMERGENCIES (last updated March 30, 2022), https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies. In 2020, 10 of 28 authorized judgeships in this district were vacant. In 2022, five vacancies remain with one additional vacancy set to arise in April 2022. Every vacancy has been categorized by the Judicial Conference of the United States as a judicial emergency. In addition, the now two-year long pandemic has caused delays and a backlog of trials and other proceedings. Any time the court spends reviewing additional motion practice reduces the court's availability to attend to other matters, and further delays its rulings on motions taken under submission. Accordingly, the court finds this is not one of the "rare instances" in which more than one summary judgment motion is appropriate. *See* Dkt. 10 at 8 (court's standing order).

Lastly, the court also declines to bifurcate discovery into liability and damages phases, as neither party meets its burden to demonstrate why such bifurcation is necessary here.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the reasons stated above, the court DENIES Moving Defendants' Motion (Dkt. 51).  A scheduling order for this action will follow.

IT IS SO ORDERED.


Dated: March 31, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge